Tom MATHIS, III, et al., Appellants,

v.

C. Harper BLACK et al., Appellees.

No. 1081.

Court of Civil Appeals of Texas,
Tyler.

Dec. 15, 1977.

Rehearing Denied Feb. 16, 1978.

Michael R. Ezell, Stiernberg, Skaggs & Koppel, Harlingen, for appellants.

F. Wilbert Lasater, Tyler, for appellees.

McKAY, Justice.

This is a plea of privilege case. Appellees brought suit in Smith County against appellants on a promissory note in the amount of $264,540.00, plus interest and attorney's fees, and seeking foreclosure of a lien on certain land located in Cameron County, Texas. Appellants filed pleas of privilege to be sued in the counties of their residence—Cameron County and Hidalgo County. Appellees' controverting plea alleges that the appellants contracted in writing to pay the note in Tyler, Smith County, Texas, and Subdivision 5 of Article 1995, V.A.T.S., controls the venue. After a hearing the trial court overruled appellants' pleas of privilege—hence, this appeal.

Both the note and the deed of trust were offered in evidence without objection.

The real estate lien note reads in part as follows:

"For value received, I, We, or either of us, as principals, promise to pay to the order of C. HARPER BLACK, E. DAVIS WILCOX and JEFF M. BRACKEN in the City of . . . Tyler . . . . . . . . . . . County, Texas, the sum of TWO HUNDRED SIXTY-FOUR THOUSAND FIVE HUNDRED FORTY AND NO/100 Dollars . . . . ."

By appellants' point one they contend that the trial court erred in overruling their pleas of privilege because there was no evidence that the promissory note in question amounted to a contract to perform any obligation in "a particular county, expressly naming such county, or a definite place therein." In their second point appellants claim that the trial court's ruling rested on an implied finding that the promissory note in question was expressly made payable in Tyler, Smith County, Texas, and such finding was so against the overwhelming weight and preponderance of the evidence adduced at the hearing as to be clearly wrong.

Subdivision 5, of Article 1995, provides:
". . . If a person has contracted in writing to perform an obligation in a particular county, expressly naming such

county, or a definite place therein by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In *Burtis v. Butler Brothers*, 148 Tex. 543, 226 S.W.2d 825, 829 (1950), the court held that a financial statement which stated: "all bills payable in Dallas" was a contract in writing to perform an obligation in Dallas County, Texas, because a trial court will take judicial notice of the counties of the state and also of the location of the county seats of these counties, and "the courts of Texas judicially know that Dallas is a county in Texas, and also that it is a city which is the county seat of Dallas County, Texas. This is naming a particular county, or a definite place therein by a written instrument as is required by Subdivision 5, Article 1995. . . ."

It was held in *Thompson v. Republic Acceptance Corporation*, 388 S.W.2d 404 (Tex.1965): "That a promissory note payable 'in Austin' is a contract in writing that is performable in Travis County, Texas"; and in *Cranbrook Corp. v. Wright*, 469 S.W.2d 324, 325 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ), that: "a promissory note payable 'in Houston' is a contract in writing that is performable in Harris County, Texas, as required by Section 5, Article 1995"; and in *Ellis v. Trad*, 499 S.W.2d 666 (Tex.Civ.App.—Eastland 1973, no writ), that a contract which obligated Ellis to pay a commission in Dallas, Texas, was an obligation payable in Dallas County, and that courts may take judicial knowledge that Dallas is the county seat of Dallas County; and in *McCoy v. First State Bank, Morton*, 424 S.W.2d 451, 452 (Tex.Civ.App. —Amarillo 1968, no writ), that a note payable in "Morton, Texas" fixed venue in Cochran County because the court would take judicial knowledge of the fact that Morton is the county seat of Cochran County.

Appellee Black testified without objection that the City of Tyler was the county seat of Smith County, Texas, and that no part of the city was in any other county.

We hold that we may take judicial knowledge of the fact that Tyler is the county seat of Smith County, Texas. *Gulf Coast Aluminum Supply, Inc. v. Duke*, 389 S.W.2d 480, 482 (Tex.Civ.App.—Tyler 1965, no writ).

While the State Bar form for real estate notes should have some division on the blank line between "in the City of" and "County, Texas," we are of the opinion, and so hold, that the note in question here complies with the language of Subdivision 5, Article 1995, in that the makers of the note contracted in writing to perform an obligation in a definite place, which place is in the City of Tyler, which city is wholly located within Smith County, Texas.

Appellants' points are overruled.

Appellees' brief contains a motion that if the case should be affirmed damages should be assessed by the Court under Rule 438 because the appeal was taken by appellants for delay and that there was no sufficient cause for taking such appeal. Such motion is overruled.

Judgment of the trial court is affirmed.