**Petition for Writ of Mandamus Conditionally Granted and Opinion filed May 7, 2012.**



In The

# Fourteenth Court of Appeals

—————————

## NO. 14-12-00255-CV

—————————

## IN RE MANUEL ALFREDO SOSA, QUIPICA, L.L.C., AND QUIMICOS PETROLEROS INTEGRADOS, C.A., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-56882**

## O P I N I O N

In this original proceeding, relators Manuel Alfredo Sosa, Quipica, L.L.C., and Quimicos Petroleros Integrados, C.A., seek a writ of mandamus ordering the respondent, the Honorable Brent Gamble, Judge of the 270th District Court, Harris County, Texas, to vacate his order dated February 27, 2012, transferring the underlying case to Fort Bend County, Texas. We conditionally grant the writ.

The underlying case is a contract dispute filed in Harris County by relators. Real parties in interest, Hohngua America, L.L.C., NCE Management, L.L.C., and Sichauan Honghua Petroleum Equipment Co., Ltd., ("Real Parties"), moved to transfer the case to Fort

Bend County. The trial court granted the motion to transfer and relators seek a writ ordering the trial court to vacate his order of transfer.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party v. Dietz,* 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion. *See In re Tex. DOT,* 218 S.W.3d 74, 76 (Tex. 2007); and *KJ Eastwood Inv., Inc. v. Enlow,* 923 S.W.2d 255, 258 (Tex. App. — Fort Worth 1996, orig. proceeding).

Relators claim this case is governed by section 171.096(b) of the Texas Civil Practice and Remedies Code, which provides that if the agreement to arbitrate provides the arbitration hearing is to be held in a county in this state, venue is mandatory in that county. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.096(b) (West 2011). Real Parties assert this case is governed by section 65.023(a) of the Texas Civil Practice and Remedies Code, which provides that venue in a suit for an injunction is mandatory in the county of the defendant's domicile. S*ee* Tex. Civ. Prac. & Rem. Code Ann. § 65.023(a) (West 2008).

Generally, chapter 15 of the Texas Civil Practice and Remedies Code governs venue of actions. If a mandatory venue provision in Chapter 15 applies, suit must be brought in the county required by the mandatory venue provision. Tex. Civ. Prac. & Rem. Code Ann § 15.004 (West 2002). If a suit is governed by a mandatory venue provision outside of Chapter 15, that suit must be brought in the county required by that mandatory venue provision. Tex. Civ. Prac. & Rem. Code Ann § 15.016 (West 2002). In this case, both parties claim venue is governed by a mandatory venue provision that originates from outside Chapter 15. The

question presented, where does venue lie if two mandatory venue statutes conflict and neither originates from Chapter 15, is one of first impression for this court. It has also not been addressed by either the Supreme Court of Texas or our sister Houston court of appeals.

The Beaumont and Corpus Christi courts of appeals have concluded that if two mandatory venue statutes conflict, then the plaintiff may lay venue under either statute. *See Marshall v. Mahaffey,* 974 S.W.2d 942, 947 (Tex. App. — Beaumont 1998, pet. denied) ("The general scheme of the venue statutes permits the plaintiff to choose between two conflicting mandatory venue provisions."). *See also In re Adan Volpe Properties, Ltd.*, 306 S.W.3d 369, 375 (Tex. App. — Corpus Christi 2010, orig. proceeding); and *In re Dole Food Company, Inc.*, 256 S.W.3d 851, 856 (Tex. App. — Beaumont 2008, orig. proceeding) (same). We disagree.

If a suit is governed by two mandatory venue provisions that appear to conflict, under both common law and statute, we should strive, if possible, to give effect to both statutes. *See* Tex. Gov. Code Ann § 311.026(a) (West 2005). If the conflict cannot be resolved, then courts should find an answer in the law as to which statute controls, for example the more-specific, later-enacted statute may control over a prior-enacted, general statute. *See* Tex. Gov. Code Ann § 311.026(b) (West 2005).

Venue is a matter of statute. There is no venue statute providing that, if there is a conflict between two statutes as to the mandatory venue, the plaintiff has a right to choose the county in which the Legislature mandated venue. If there is an actual or apparent conflict between two statutes as to whether mandatory venue of the case under review is in Harris County or Fort Bend County, Texas law requires us to resolve this conflict by statutory construction, rather than allowing the plaintiff to resolve this conflict by choice.[1]

---

[1] Of course, the plaintiff may choose between two or more counties if there are several counties of *permissive* venue and no county of *mandatory* venue. Likewise, a single mandatory venue statute may mandate venue in one of several counties, and in that case, the Legislature has also decided that the plaintiff may choose from the indicated counties.

3

In 1985, the Legislature enacted section 65.023(a) providing that for cases in which injunctive relief is sought against a Texas resident, venue shall be in the county of the defendant's domicile. Act of May 27, 1985, 69th Leg., R.S., ch. 959, 1,1985 Tex. Gen. Laws 3242, 3294.  In 1997, the Texas Legislature enacted section 171.096, providing that if an initial application regarding arbitration is filed against a Texas resident, venue is generally mandatory in the defendant's county of domicile.  Act of May 8, 1997, 75th Leg., R.S., ch. 195, 5.01, 1997 Tex. Gen. Laws 327, 336 (codified at Tex. Civ. Prac. & Rem. Code Ann § 171.096).  The Legislature excepted out from this general rule initial applications regarding arbitration agreements providing that arbitration is to be held in a Texas county, in which case the Legislature decided that the agreed-upon county is the county of mandatory venue. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.096(b).  Thus the Legislature, cognizant of the general mandatory venue rule as to injunctive relief, has expressly provided that this general rule does not apply under the facts of the case under review.  Accordingly, we find the more-specific, later-enacted statute of mandatory venue in section 171.096(b) controls over the prior-enacted statute of mandatory venue in section 65.023(a).  *See* Tex. Gov. Code Ann § 311.026(b).

Real Parties argue section 171.096(b) is not applicable because the agreement to arbitrate specifies "Houston, Texas", not "a county in this state."  We may take judicial notice of certain and indisputable facts of common knowledge such that a city is within a particular county.  *See Harper v. Killion,* 162 Tex. 481, 485, 348 S.W.2d 521, 523 (1961).  A court may also take judicial notice that a city is the county seat of a particular county for purposes of venue.  *See McCoy v. First State Bank, Morton*, 424 S.W.2d 451, 452 (Tex. Civ. App. — Amarillo 1968, no writ).  *See also Mathis v. Black*, 561 S.W.2d 530, 531 (Tex. Civ. App. — Tyler, 1977, no writ) (court took judicial notice that Tyler is county seat of Smith County, and thus note was contract in writing to perform an obligation in Smith County within venue provision authorizing suit in particular named county or definite place).  Accordingly, we take

4

judicial notice that Houston, Texas, is in, and is the county seat of, Harris County.[2]  Thus, the agreement to arbitrate provides the hearing is to be held in a county in this state within the meaning of section 171.096(b).

For these reasons, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its February 27, 2012 order.  The writ will issue only if the trial court fails to act in accordance with this opinion.

We lift the temporary stay entered by this court on March 15, 2012, if the trial court vacates its order.

/s/     Jeffrey V. Brown
        Justice


Panel consists of Justices Frost, Brown, and Christopher.

---

[2] Real Parties do not argue that Houston is not in Harris County.

5