**Petition for Writ of Mandamus Conditionally Granted and Opinion filed September 19, 2013.**

In The

# Fourteenth Court of Appeals

### NO. 14-13-00723-CV

### IN RE SAN JACINTO COUNTY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 4**
**Harris County, Texas**
**Trial Court Cause No. 413,918-401**

## OPINION

On August 15, 2013, relator San Jacinto County filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Christine Butts, presiding judge of Probate Court No. 4 of Harris County, to grant its motion to transfer venue. We conditionally grant the writ.

### BACKGROUND

On April 19, 2012, Jack Polk passed away in Harris County. Real-party-in-interest George Polk is the named independent executor and a beneficiary of the

decedent's estate. As a part of the decedent's will, the decedent devised his real property in San Jacinto County to San Jacinto County "to be used for a park; provided, however, that this gift shall lapse if San Jacinto County, Texas does not undertake to use the property gifted herein for a park."

On July 3, 2012, decedent's will was admitted to probate by Probate Court No. 4 in Harris County. On January 9, 2013, George filed a petition for declaratory judgment in Probate Court No. 4 pursuant to section 37.005 of the Texas Civil Practice and Remedies Code. George asked the Probate Court to "issue a declaration finding that the mineral interests owned by Decedent in San Jacinto County are not included within the term 'real property' as stated in Article III, Section C of the Decedent's Will, or alternatively, the condition of using property for a park cannot be maintained on mineral interests owned by the Estate."

On March 14, 2013, relator filed a motion for change of venue in which it alleged that venue is mandatory in San Jacinto County pursuant to section 15.015 of the Texas Civil Practice and Remedies Code, which provides that an action against a county shall be brought in that county. George responded to relator's motion, and argued that section 6A of the Texas Probate Code controls venue in this proceeding. Section 6A provides, "Except as provided by Section 6B of this code, venue for any cause of action related to a probate proceeding pending in a statutory probate court is proper in the statutory probate court in which the decedent's estate is pending." Relator contends that section 6A of the Probate Code is a permissive venue section, and that section 15.015, a mandatory venue

2

provision, prevails over the permissive venue statute in section 6A. George argues that section 6A is also a mandatory venue provision and controls over the Chapter 15 venue provision. George also argues that the declaratory judgment action is not an "action against a county." The trial court denied relator's motion for change of venue.

## MANDAMUS STANDARD

Section 15.0642 of the Texas Civil Practice and Remedies Code, entitled "Mandamus," provides that a party may apply for a writ of mandamus with an appellate court to enforce mandatory venue provisions. Tex. Civ. Prac. & Rem. Code § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding). The focus of a mandamus proceeding under section 15.0642 is whether the trial court abused its discretion. *Mo. Pac. R.R. Co.*, 998 S.W.2d at 216; *In re County of Galveston*, 211 S.W.3d 879, 881 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion. *See In re Tex. Dep't. of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding).

## ANALYSIS

Relator asserts venue is governed by the mandatory venue provision codified in section 15.015 of the Texas Civil Practice and Remedies Code, which provides that an action against a county shall be brought in that county.

3

Generally, chapter 15 of the Texas Civil Practice and Remedies Code governs venue of actions. *In re Sosa*, 370 S.W.3d 79, 81 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). If a mandatory venue provision in Chapter 15 applies, suit must be brought in the county required by the mandatory venue provision. Tex. Civ. Prac. & Rem. Code Ann. § 15.004. Ordinarily, if a suit is governed by a mandatory venue provision outside of Chapter 15, suit must be brought in the county required by the outside mandatory venue provision. Tex. Civ. Prac. & Rem. Code Ann. § 15.016.

This court has held, however, that section 15.016 is not an exception to section 15.015. *In re Fort Bend County*, 278 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). In that case, the parties sued Fort Bend County under a premises-defect theory pursuant to the Texas Tort Claims Act. Section 101.102(a) of the Tort Claims Act is a mandatory venue provision, which falls in the category of "any other statute prescribing mandatory venue" as described by section 15.016 of the Civil Practice and Remedies Code. *Id.* at 844. Recognizing the mandatory provision in the Tort Claims Act, this court reviewed the history of section 15.015 and its predecessors requiring a suit against a county to be filed in that county. *Id.* This court concluded that there is no exception to section 15.015. *Id.* at 844. Therefore, when a county is sued, venue is mandatory in that county irrespective of any other venue statutes, whether mandatory or permissive. *Id.*

We turn now to George's argument that his declaratory judgment action is not an "action against a county" requiring venue in that county. George argues that

4

his petition for declaratory judgment is not an action against a county as contemplated by section 15.015. In determining whether George's declaratory judgment action is an action against a county, we look to the express relief sought in the allegations and prayer of George's petition. *See Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 775 (1955). In requesting declaratory relief, George asks that the court issue a declaration finding that the mineral interests under the property devised to San Jacinto County do not belong to the county. In seeking such relief, George has filed a judicial proceeding, which, if prosecuted, will potentially result in a judgment against the county. The declaratory judgment action is an action filed against a county within the meaning of the venue statute.

Because George has filed an action against San Jacinto County, venue is mandatory in San Jacinto County. *See Fort Bend County*, 278 S.W.3d at 845; Tex. Civ. Prac. & Rem. Code §15.015. We are confident the trial court will act in accordance with this opinion by vacating her order denying relator's motion to transfer venue and ordering venue transferred to San Jacinto County. Only if the trial court fails to do so, will the writ issue.

PER CURIAM

Panel consists of Justices Frost, Boyce, and Jamison.

5