**Petition for Writ of Mandamus Conditionally Granted and Opinion filed May 13, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00126-CV

---

### IN RE JULIE HANNAH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-48071**

---

## OPINION

On February 11, 2014, relator Julie Hannah filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate two

companion orders transferring venue of the underlying litigation to the County Court at Law of Aransas County. We granted a stay of the litigation on February 20, 2014 to allow for further consideration. Having considered relator's petition and the real parties' response, we conditionally grant relator's petition for writ of mandamus.

## I. BACKGROUND

Relator formed a personal relationship with an individual named David Burnell Hatcher (hereinafter, the "decedent"). The decedent owned a home in Aransas County, and relator claims she moved into that home to care for him. Relator and decedent apparently lived together at the decedent's home for 12 years.

Relator claims that the decedent had executed wills in 2009 and 2010 bequeathing to relator upon the decedent's death property including $200,000 in cash and a choice of vehicles. In 2012, the decedent's health apparently began to deteriorate. Also in 2012, the decedent executed a new will that did not include any bequests to relator. Instead, the vehicle identified in the decedent's earlier wills was bequeathed to Marjorie Cordes, a family friend who performed occasional work for the decedent, and the $200,000 in cash was divided between the decedent's sons, David Hatcher and Robert Hatcher.

Following the decedent's death in January 2013, David filed an application with the County Court at Law of Aransas County to probate the decedent's 2012 will. On February 5, 2013, the Aransas County court signed an order admitting the decedent's will to probate as a muniment of title. Relator did not contest the probate of the decedent's will.

2

On August 15, 2013, relator filed suit against David, Robert, and Marjorie in Harris County district court for tortious interference with inheritance, slander, and conspiracy. Relator claims that during the time the decedent was in failing health in 2012, the defendants engaged in a concerted campaign to interfere with the bequest to relator, including making false statements to the decedent about relator. Specifically, relator alleges that "[t]hrough duress, false statements, manipulation, and outright deception, Defendants turned Decedent against Plaintiff and caused Decedent to withdraw the bequest to Plaintiff which would have otherwise passed to Plaintiff by inheritance, thus preventing Plaintiff from receiving what she was to have received from Decedent's estate." Relator likewise alleges that "Plaintiff's bequest had been excluded only because Decedent had been mislead and manipulated into signing a new and changed Will." Relator is seeking monetary damages between $200,000 and $1 million.

David is the only party to the underlying litigation that is a resident of Harris County. Relator is a resident of Travis County, Marjorie is a resident of Aransas County, and Robert is a resident of Caldwell County. In her original petition, relator claimed venue was proper in Harris County pursuant to the mandatory venue provision applicable to slander claims in Section 15.017 of the Texas Civil Practice and Remedies Code, citing the fact that David is a resident of Harris County. Relator also relied on the general venue provision in Section 15.002 and the provision concerning multiple defendants in Section 15.005.

In October 2013, Marjorie filed a plea in abatement, motion to stay, and motion to transfer venue to Aransas County, arguing that relator's lawsuit is a

3

probate proceeding over which the County Court at Law of Aransas County has continuing jurisdiction and proper venue. David then filed a plea to the jurisdiction and motion to transfer venue to Aransas County, raising similar arguments as Marjorie.[1] On January 14, 2014, the trial court signed two companion orders, one granting Marjorie's plea in abatement and motion to transfer venue, and the other granting David's motion to transfer. The trial court accordingly transferred venue of the underlying litigation to the County Court at Law of Aransas County.

Relator filed a petition for writ of mandamus pursuant to Section 15.0642 of the Texas Civil Practice and Remedies Code, presenting as her sole issue whether the trial court violated the mandatory venue provision in Section 15.017 of the Civil Practice and Remedies Code by transferring relator's suit to the County Court at Law of Aransas County. In support of her petition, relator presents several arguments. For example, relator argues that the real parties did not follow the proper procedures under Texas Rules of Civil Procedure 86 and 87 for challenging venue, because they did not provide a basis for a claim of improper venue or explicitly deny relator's venue facts pled in her petition. Relator also challenges the real parties' assertion that relator's lawsuit is a probate proceeding under applicable statute. Relator further argues that her suit is not "related to" a probate proceeding, and thus not subject to the statutory provisions applicable to such related matters.

---

[1] Robert filed a special appearance and plea to the jurisdiction, but did not move to transfer venue. Robert is not a party to this original proceeding.

In their response, the real parties argue almost exclusively that relator's suit qualifies as a probate proceeding, and therefore is subject to the jurisdictional and venue requirements applicable to such matters. The real parties downplay any assertion that relator's suit is merely "related to" a probate proceeding, although they state that the suit easily would qualify as such. The real parties further argue that the district court correctly transferred venue to Aransas County because relator's suit is a probate proceeding, and regardless, their venue motions complied with Texas Rules of Civil Procedure 86 and 87.

## II. THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to analyze or apply the law correctly; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

5

"[V]enue determinations generally are incidental trial rulings that are correctable on appeal." *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996) (per curiam) (orig. proceeding). However, "Section 15.0642 of the Texas Civil Practice and Remedies Code . . . provides that a party may apply for a writ of mandamus with an appellate court to enforce mandatory venue provisions." *In re San Jacinto Cnty.*, 416 S.W.3d 639, 641 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (per curiam). "The focus of a mandamus proceeding under section 15.0642 is whether the trial court abused its discretion." *Id.* "A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion." *Id.*

### III. ANALYSIS

## A. General Rules Concerning Venue

"Venue concerns the geographic location within the forum where the case may be tried." *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 734 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). "Generally, chapter 15 of the Texas Civil Practice and Remedies Code governs venue of actions." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (per curiam) (orig. proceeding). "If a mandatory venue provision in Chapter 15 applies, suit must be brought in the county required by the mandatory venue provision." *In re Sosa*, 370 S.W.3d 79, 81 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code § 15.004. However, "[i]f a suit is governed by a mandatory venue provision outside of Chapter 15, that suit must be brought in the county required by

6

that mandatory venue provision." *Sosa*, 370 S.W.3d at 81; *see also* Tex. Civ. Prac. & Rem. Code § 15.016.

"Venue may be proper in more than one county under the venue rules." *Hiles v. Arnie & Co.*, 402 S.W.3d 820, 825 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). "In general, plaintiffs are allowed to choose venue first, and when the county in which the plaintiff files suit is at least a permissive venue and no mandatory venue provision applies, the plaintiff's venue choice should not be disturbed." *Id.* Also, if a mandatory venue provision permits suit in one of several counties, the plaintiff may choose from among the permissible counties. *Sosa*, 370 S.W.3d at 81 n.1.

Although the plaintiff is entitled to the first choice of venue, a defendant may challenge the plaintiff's venue selection, "and a court must 'transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) (quoting Tex. Civ. Prac. & Rem. Code § 15.063(1)). Where a defendant objects to the plaintiff's venue choice through a motion to change venue, "the plaintiff must present prima facie proof that venue is proper" in the county of suit. *Moveforfree.com, Inc. v. David Hetrick, Inc.*, 288 S.W.3d 539, 541 (Tex. App.—Houston [14th Dist.] 2009, no pet.). "The trial court is to evaluate venue based on the pleadings and affidavits." *Id.*; *see also* Tex. Civ. Prac. & Rem. Code § 15.064(a). Properly pleaded venue facts "shall be taken as true unless specifically denied by the adverse party." Tex. R. Civ. P. 87(3)(a). "If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county

7

specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue," an issue for which "the defendant has the burden to provide prima facie proof." *Cantu*, 251 S.W.3d at 735. However, if the plaintiff does provide prima facie proof that the chosen venue is proper, the plaintiff's choice controls, unless a mandatory venue provision applies or the defendant brings forth conclusive evidence that destroys the plaintiff's prima facie proof. *Moveforfree.com*, 288 S.W.3d at 541.

**B. Application of the Texas Estates Code to Relator's Suit**

The central basis for the real parties' respective motions to transfer the underlying litigation is their assertion that relator's suit is a "probate proceeding" and, consequently, must be heard in the County Court at Law of Aransas County by application of the jurisdiction and venue provisions of the Texas Estates Code.[2] As relator relies on a mandatory venue provision within Chapter 15 of the Texas Civil Practice and Remedies Code in support of venue in Harris County, we begin our analysis with the Texas Estates Code because, in the event any mandatory jurisdiction or venue provision in the Estates Code applies to the underlying suit, such provision would control. *See Sosa*, 370 S.W.3d at 81; Tex. Civ. Prac. & Rem. Code § 15.016.

For relator's suit to be subject to the jurisdiction and venue provisions of the Texas Estates Code, it must qualify either as a "probate proceeding" or a "matter related to a probate proceeding" as defined by the Estates Code. *See, e.g.*, Tex. Est. Code §§ 32.001(a), 33.002, 33.052, 33.101; *see also* Tex. Est. Code § 21.006 (stating procedure in Title 2 of the Estates Code "governs all probate proceedings"). Thus, we turn to the definitional provisions of the Estates Code.

Section 31.001 of the Texas Estates Code provides:

The term "probate proceeding," as used in this code, includes:

---

[2] As of January 1, 2014, the former Texas Probate Code has been repealed and replaced with the Texas Estates Code. *See In re Estate of Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, *1 n.1 (Tex. App.—San Antonio Feb. 19, 2014, pet. filed) (mem. op.); *In re Estate of Dixon*, No. 14-12-01052-CV, 2014 WL 261020, *1 n.1 (Tex. App.—Houston [14th Dist.] Jan. 23. 2014, pet. filed). All citations herein will be to the Texas Estates Code.

(1) the probate of a will, with or without administration of the estate;

(2) the issuance of letters testamentary and of administration;

(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;

(5) a claim arising from an estate administration and any action brought on the claim;

(6) the settling of a personal representative's account of an estate and other matter related to the settlement, partition, or distribution of an estate; and

(7) a will construction suit.

*See also* Tex. Est. Code § 22.029 ("The terms 'probate matter,' 'probate proceedings,' 'proceedings in probate,' and 'proceedings for probate' are synonymous and include a matter or proceeding relating to a decedent's estate.").

The real parties argue that relator's suit qualifies as a probate proceeding because it is related to the decedent's estate, *see* Tex. Est. Code § 22.029, it is a "petition . . . or action regarding the probate of a will," Tex. Est. Code § 31.001(4), it "a claim for money owed by the decedent," *id.*, and it is a "matter related to the . . . distribution of an estate," Tex. Est. Code § 31.001(6). We disagree. Relator's suit is a claim for money damages against Marjorie, David, and Robert based on the defendants' alleged conduct in slandering relator and tortiously interfering with the bequests to relator in the decedent's prior wills. Relator does not contest the

10

validity or interpretation of the decedent's 2012 will, claim herself as a rightful heir of the decedent, assert a claim for money owed by the decedent or the decedent's estate, or challenge the distribution of the decedent's property pursuant to the terms of his will. In sum, none of the specific actions listed in Section 31.001 of the Estates Code matches the claims made by relator in her suit.

Although the gravamen of relator's suit is that relator was disinherited as a result of the defendants' alleged actions, that fact alone is insufficient to make her suit a probate proceeding. The decedent's will was admitted to probate as a muniment of title in proceedings in the County Court at Law of Aransas County. Absent a bill of review, those proceedings are concluded. The prosecution of relator's suit would not attack, impact, or otherwise alter the probate judgment of the Aransas County court. In other words, the decedent's testamentary wishes have been determined and fulfilled through the probate proceedings in Aransas County. Whatever potential liability the defendants may face subsequently based on their alleged individual actions vis-à-vis relator is a distinct matter. Resolution of that matter will be determined, not by application of probate law, but rather by the law pertaining to the specific tort claims. Furthermore, any judgment against the defendants would be satisfied not from the decedent's estate, but from the individual assets of the defendants. The only connection between relator's suit and the decedent's estate is the measure of damages—i.e., what, if anything, relator would have received through probate proceedings were it not for the defendants' alleged actions.

11

The only case the real parties cite in support of their assertion that relator's suit is a probate proceeding is *McMennamy v. McMennamy*, No. 05-06-01566-CV, 2007 WL 2938264 (Tex. App.—Dallas Oct. 10, 2007, pet. denied) (mem. op.). In that case, the decedent bequeathed real property to her nephew and the will was admitted to probate as a muniment of title. *McMennamy*, 2007 WL 2938264 at *1. After the probate judgment was final, another individual filed suit in district court claiming ownership of the same real property. In affirming the dismissal of the suit for lack of jurisdiction, the court of appeals concluded the claims were probate matters, reasoning: "[I]n her petition, appellant challenged the construction and validity of [the decedent's] will and the contents and administration of her estate. She did not, as she suggests in her brief, merely attempt to settle a title dispute." *Id.* at *2.

*McMennamy*, however, provides no support to the real parties' position here. As an initial matter, the court did not even cite, let alone provide any analysis of, the statutory provision defining a probate proceeding. *See id.* at *1–3. Next, the plaintiff in that case was directly claiming ownership of real property bequeathed in the will, in contrast to relator's claim here for damages against a devisee for having been disinherited as a result of the devisee's allegedly tortious conduct. *See id.* at *1. And finally, the nature of the plaintiff's claims in *McMennamy* placed them within the scope of the probate statutes. *Id.* at *2 (noting plaintiff's suit sought "construction of the will"); *see also* Tex. Est. Code § 31.001(7) (including within the scope of probate proceedings "a will construction suit"). For these

12

reasons, *McMennamy* does not alter our conclusion that relator's suit is not a "probate proceeding" under the plain language of the Estates Code.

The Estates Code includes a distinct definition of "a matter related to a probate proceeding," *see* Tex. Est. Code § 31.002, and has jurisdiction and venue provisions specific to such matters, *see, e.g.*, Tex. Est. Code § 32.001(a), 33.002. Thus, the Estates Code still may be relevant to the question raised in this original proceeding if relator's suit, although not a probate proceeding, qualifies as a matter related to a probate proceeding.[3] The real parties downplay any reliance on this aspect of the Estates Code, but do make a passing assertion that relator's suit "easily" qualifies as a matter related to a probate proceeding. We again disagree with the real parties' position.

"A matter related to a probate proceeding" is defined based on whether a county has a statutory probate court or county court at law exercising probate jurisdiction. Considering the definition applicable to Aransas County, the following actions qualify as a matter related to a probate proceeding:

---

[3] It is not clear that the jurisdiction and venue provisions of the Estates Code would mandate that a matter relating to a probate proceeding be heard in the County Court at Law of Aransas County. *See* Tex. Est. Code §§ 32.001(a) ("All probate proceedings *must be filed and heard in* a court exercising original probate jurisdiction. The court exercising original probate jurisdiction *also has* jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court." (emphasis added)), 33.002 (providing that with one exception not relevant here, "venue for any cause of action related to a probate proceeding pending in a statutory probate court *is proper* in the statutory probate court in which the decedent's estate is pending" (emphasis added)). Because we conclude relator's suit is not a matter related to a probate proceeding, however, we need not address whether those provisions are mandatory or permissive.

- an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;

- an action against a surety of a personal representative or former personal representative;

- a claim brought by a personal representative on behalf of an estate;

- an action brought against a personal representative in the representative's capacity as personal representative;

- an action for trial of title to real property that is estate property, including the enforcement of a lien against the property;

- an action for trial of the right of property that is estate property;

- the interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court; and

- the interpretation and administration of an inter vivos trust created by a decedent whose will has be admitted to probate in the court.

Tex. Est. Code § 31.002(a), (b).

Of the actions listed in Section 31.002, the only one identified by the real parties as being applicable to relator's lawsuit is the provision concerning "an action for trial of the right of property that is estate property." Tex. Est. Code § 31.002(a)(6). The real parties' assert that relator's suit seeks $200,000 and a vehicle that relator claims should have been received from the decedent's estate, and thus is an action about relator's right to decedent's estate property. This characterization of relator's suit is incorrect. First, relator's original petition does

not indicate she is seeking title to any vehicle. Her suit is for monetary damages exclusively. Second, relator is not seeking title to "property that is estate property." As noted above, she is seeking damages that, if awarded, would be satisfied from the defendants' individual assets—not from the decedent's estate. *See* Tex. Est. Code §§ 22.012 (defining "estate" as being "a decedent's property"); 101.001(a)(1) (providing generally that estate property vests immediately in devisees if there is a valid will); 256.001 (providing wills generally not effective until admitted to probate); 257.102(b) (providing person entitled to property under will admitted to probate as muniment of title may treat the property as if title was vested in that person's name). Moreover, none of the other provisions in Section 31.002 apply to relator's suit.

For these reasons, relator's suit is not a matter related to a probate proceeding. Having also concluded that the suit is not a probate proceeding, we hold that jurisdiction and venue are not mandatory in the County Court at Law of Aransas County under the Estates Code.

## C. Venue under the Civil Practice and Remedies Code

Because relator's lawsuit does not qualify as either a probate proceeding or a matter related to a probate proceeding under the Estates Code, we turn our attention back to Chapter 15 of the Civil Practice and Remedies Code. Among the claims asserted by relator against the defendants is a claim for slander. "A suit for damages for . . . slander . . . shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, . . . or in the county of the residence of defendants, or any of them, . . . at

15

the election of the plaintiff." Tex. Civ. Prac. & Rem. Code § 15.017. Under this provision, relator's claim for slander could be brought and maintained only in Aransas, Caldwell, Harris, or Travis Counties. From these limited options, relator elected Harris County—David's county of residence—which is relator's choice to make. *Id.*; *see also Sosa*, 370 S.W.3d at 81 n.1.

Moreover, because relator's slander claim could be brought only in a select number of venues and she elected Harris County from that list, relator's venue election controls over the remaining claims and other defendants. *See* Tex. Civ. Prac. & Rem. Code §15.004 ("In a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provisions of Subchapter B, the suit shall be brought in the county required by the mandatory venue provision."); *see also* Tex. Civ. Prac. & Rem. Code § 15.005 ("In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.").

A trial court "is to evaluate venue based on the pleadings and affidavits," *Moveforfree.com*, 288 S.W.3d at 541, and properly pleaded venue facts "shall be taken as true unless specifically denied by the adverse party," Tex. R. Civ. P. 87(3)(a). In her original petition, relator alleged the respective county of residence of each defendant, and explicitly elected venue in Harris County as David's county of residence. In their pleadings, none of the defendants specifically denied that

16

David is a resident of Harris County. The defendants' general denial of relator's allegations is insufficient to serve as a specific denial of her pleaded venue facts. *See Maranatha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 740 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Therefore, based on relator's pleading of a claim for slander, as well as her allegation that David resides in Harris County, relator has provided prima facie proof that venue of the underlying litigation is both proper and mandatory in Harris County.

Under these circumstances, transfer of the litigation would be appropriate only if the real parties demonstrated that an overriding mandatory venue provision applies or brought forward conclusive evidence that destroys the plaintiff's prima facie proof. *See Moveforfree.com*, 288 S.W.3d at 541. The real parties, however, brought forth no such conclusive evidence, and their assertion of an overriding mandatory venue provision was grounded in the application of the jurisdiction and venue provisions of the Texas Estates Code, which we have held are not applicable. Accordingly, we hold that the trial court abused its discretion by disregarding relator's election of venue in Harris County pursuant to the mandatory venue provision in Section 15.017 of the Texas Civil Practice and Remedies Code.

## IV. Conclusion

Relator's lawsuit is not a probate proceeding. Therefore, the mandatory venue provision in Section 15.017 of the Texas Civil Practice and Remedies Code controls. Under that provision, relator elected Harris County among the limited venue options based on David's residence in Harris County. The trial court had no legal basis upon which to order the transfer of the underlying litigation to Aransas

County. Thus, the trial court abused its discretion in ordering the transfer of relator's suit.

Accordingly, we conditionally grant relator's petition for writ of mandamus, and direct the trial court to vacate its orders dated January 14, 2014 transferring venue of the underlying litigation to the County Court at Law of Aransas County. We are confident that respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

We also lift our stay granted on February 20, 2014.

PER CURIAM

Panel consists of Justices McCally, Busby, and Donovan.