

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00067-CV

---

IN RE:  CHRISTOPHER MAXWELL

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Christopher Maxwell has filed a petition for writ of mandamus asking this Court to order the Honorable Eric Clifford of the 6th Judicial District Court to take or refrain from taking certain actions in connection with his inmate trust account. He has attached a copy of a motion which he states was mailed to the trial court July 7, 2014, in which he asked the trial court to review his conviction and remove the attorney fees assessed against him and now being withdrawn from his inmate trust account. He argued in that motion and now in his petition that the attorney fees were improperly assessed against him and asks that the order be expunged of any reference to those fees.

This Court has written several times recently on the issue of attorney fees being improperly assessed against indigent defendants and has consistently reformed judgments to delete those awards. Court-appointed attorney fees assessed against an indigent defendant are error unless there is proof and a finding that he is no longer indigent. *Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Mayer v State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). Where there is no such evidence or finding, the judgment is infirm, and the trial court errs by assessing attorney fees against a defendant. *Martin v. State*, 405 S.W.3d 944 (Tex. App.—Texarkana 2013, no pet.).

However, the proper way to attack such an alleged error is through a direct appeal from the conviction which contains the order—not by mandamus. By definition, a mandamus is an extraordinary proceeding available only in the absence of other effective remedies.

2

Mandamus relief is normally appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Hannah*, No. 14-14-00126-CV, 2014 WL 1900615 (Tex. App.—Houston [14th Dist.] May 13, 2014, orig. proceeding). We have no record in this case; thus, we cannot determine whether a direct appeal was available (or even if the time for bringing one has yet expired). If an appeal could have been brought, mandamus under these facts cannot lie. The record and information provided does not show that an appeal was not available.

In addition, even if mandamus was an appropriate remedy, we cannot assess the propriety of the trial court's judgment, for we have no copy of that judgment or any other documentation to support or explain Maxwell's contentions. *See* Tex. R. App. P. 52.3(g).

We deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     August 28, 2014
Date Decided:       August 29, 2014

3