

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00057-CV

**TINA LEA HAIGHT, INDIVIDUALLY
AND AS EXECUTRIX OF THE ESTATE
OF GRADY MARTIN HAIGHT, DECEASED,**

                                                          **Appellants**

 **v.**

**KOLEY JESSEN PC, LLO, DAVID DVORAK,
AND DAVID MAYER,**

                                                          **Appellees**

---

**From the 40th District Court
Ellis County, Texas
Trial Court No. 91058**

---

## MEMORANDUM  OPINION

---

Appellants, Tina Haight, individually and as Executrix of the Estate of Grady

Martin Haight, and Mark Fankhauser, as the Dependent Administrator with Will

Annexed of the Estate of Grady Martin Haight, filed suit against Appellees, Koley Jessen

P.C., L.L.O., David Dvorak, and David Mayer[1] for legal malpractice. The trial court granted Appellees' traditional motion for summary judgment. We affirm.

## BACKGROUND FACTS

Tina Haight and Grady Martin Haight (Marty) married in December 1998, and Tina filed for divorce in May 2009. Marty passed away on March 27, 2014, and at the time of his death the divorce proceedings were still pending. The Haights owned several businesses, including a roofing business and other businesses related to repair of storm damaged properties. Marty ran the Haight businesses, and he hired the law firm of Koley Jessen P.C., L.L.O. to represent some of the Haight businesses. Marty and Tina were each represented by separate counsel for the divorce proceedings.

After Marty's death, David Dvorak and David Mayer, partners in the Koley Jessen firm, began communicating with Tina and her personal lawyers concerning the sale of the Haight businesses. At the time Marty's will was admitted to probate, Tina was appointed Independent Executor of Marty's estate. Tina later resigned as Independent Executor of the estate, and Mark Fankhauser was appointed as Temporary Administrator of the estate. Fankhauser was later appointed Administrator with Will Annexed of the Estate of Grady Martin Haight, deceased. Fankhauser was substituted as a party in this cause of action. Tina eventually entered into an agreement for the sale of her interest and

---

[1] There were other defendants who are not party to this appeal. The trial court disposed of all remaining parties and claims in an agreed final order of dismissal with prejudice.

the estate's interest in all of the Haight businesses. After the agreement was finalized, Tina Haight, individually and as Executrix of the Estate of Grady Martin Haight, filed suit in district court against Appellees and others for legal malpractice. Tina ultimately settled her disputes with the other defendants.

## ISSUES ON APPEAL

Tina brings four issues on appeal. She argues that 1) the trial court lacked jurisdiction to hear the appeal; 2) the trial court erred in granting Appellees' motion for summary judgment; 3) the trial court erred in striking her summary judgment evidence; and 4) the trial court erred in granting summary judgment on all claims if it could only be sustained on conclusively negating reliance. Fankhauser brings four issues on appeal and argues that 1) summary judgment evidence was not properly before the court; 2) Appellees' failure to comply with Rule 1.07 of the Texas Disciplinary Rules of Professional Conduct precludes summary judgment in their favor; 3) the trial court improperly granted summary judgment because there was conflicting testimony; and 4) Appellees cannot rely on quasi-estoppel as a basis for summary judgment.

## TINA'S ISSUES ON APPEAL

### JURISDICTION

In the first issue, Tina argues that the district court did not have jurisdiction over the case. Ellis County does not have a statutory probate court. The Texas Estates Code provides that a probate proceeding includes any matter related to the settlement,

partition, or distribution of an estate. *See* Tex. Est. Code Ann. § 31.001 (West 2014). A matter related to a probate proceeding in a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, includes a claim brought by a personal representative on behalf of an estate. *See* Tex. Est. Code Ann. § 31.002 (West 2014).

Tina contends that the present case is a matter related to the Haight probate proceeding because she brought the suit on behalf of herself as well as in her capacity as the Independent Executor of the Estate of Grady Martin Haight. Tina argues that because Ellis County Court, the County Court at Law of Ellis County, and the County Court at Law No. 2 of Ellis County are the only courts with original probate jurisdiction in Ellis County, the District Court lacked jurisdiction to hear this case.

In *In re Hannah*, relator had a relationship with the decedent and was named in his 2009 and 2010 wills. *In re Hannah*, 431 S.W.3d 801 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). However, decedent executed a will in 2012 that did not include relator. *In re Hannah*, 431 S.W.3d at 804. After the death of the decedent, the 2012 will was admitted to probate and relator did not contest the will. *In re Hannah*, 431 S.W.3d at 805. Relator filed suit in district court for tortious interference with inheritance, slander, and conspiracy. *Id*.

In *In re Hannah*, the court held that a cause of action brought in the district court was not a "matter related to a probate proceeding" within the scope of Section 31.002 of

the Estates Code. *In re Hannah*, 431 S.W.3d at 809. The court focused on the nature of the damages sought, and held that because the suit sought damages which would, if awarded, be satisfied from the defendant's individual assets rather than from any property of the estate, the claims were not related to a probate proceeding. *In re Hannah*, 431 S.W.3d at 809-811.

In *Narvaez*, the court agreed with the court in *Hannah* that the nature of the claims and the relief sought must be examined when determining whether the probate court has jurisdiction of a non-probate claim. *Narvaez v. Powell*, 564 S.W.3d 49, 56 (Tex. App.—El Paso 2018, no pet). In *Narvaez*, a group of heirs filed suit in district court against attorneys alleging breach of fiduciary duties and legal malpractice. *Narvaez v. Powell*, 564 S.W.3d at 52. The court in *Narvaez* found that a legal malpractice claim cannot be characterized as a probate proceeding within the meaning of Section 31.001 or related to a probate proceeding as that term is defined by Section 31.002 of the Estates Code. *Narvaez v. Powell*, 564 S.W.3d at 57.

Tina argues that this case is similar to *In re Perkins*, No. 10-17-00311-CV, 2017 LEXIS 12039 (Tex. App. —Waco December 27, 2017, no pet.) (mem. op.). In *Perkins*, a cause of action was brought in the district court of Walker County involving a dispute between sisters over the administration of their mother's estate. One sister filed suit in district court asserting that the other sister breached her fiduciary duty by refusing to sell property and distribute the money. *In re Perkins*, 2017 LEXIS 12039 at *2. This Court found

that the cause of action was over a matter related to probate proceedings because the claim arose out of the representative's performance of her duties and that the County Court at Law of Walker County was the proper court in which to bring the claim. *In re Perkins*, 2017 LEXIS 12039 at *3-4. However, Tina's post probate claim is for legal malpractice and is not over a matter related to the probate proceedings.

Moreover, *Perkins* was a mandamus proceeding in which the party asked this Court to compel the district court to abate the proceeding until the estate matters were resolved. *In re Perkins*, 2017 LEXIS 12039 at *6. Tina filed the suit in the District Court and stated jurisdiction was proper because the amount in controversy exceeded the minimum jurisdictional limit of the court and the court had personal jurisdiction over the parties. Tina did not seek to have the case transferred to the County Court at Law.

We agree with the reasoning in *Hannah* and *Narvaez* and find that Tina's legal malpractice claim against Appellees is not a matter related to the probate proceeding as she seeks monetary damages from the Appellees. We overrule Tina's first issue.

SUMMARY JUDGMENT

In the second issue, Tina brings multiple arguments alleging that the trial court erred in granting Appellee's traditional motion for summary judgment. We review a grant of a motion for summary judgment de novo. *KCM Financial LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Williams v. Parker*, 472 S.W.3d 467, 469 (Tex. App.—Waco 2015, no pet.) In a traditional motion for summary judgment, a movant must state specific

grounds, and a defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Id*.

Tina first argues that the trial court relied upon summary judgment evidence that was not properly before the court. The parties had an Agreed Protective Order for the filing of confidential information. Pursuant to the Protective Order, documents designated as confidential information were to be filed in a separate envelope, sealed, and labeled "Filed Under Seal." The record shows that Appellees' summary judgment evidence was filed pursuant to the Protective Order. Tina argues that the filing did not comply with TEX. R. CIV. P. 76a and that the evidence was not before the trial court. At the hearing on the motion for summary judgment, Tina waived any objections to the Appellees' summary judgment evidence by failing to object to the materials or the manner in which they were filed. The record shows that the summary judgment evidence was before the trial court and is part of the appellate record. The complaint was not preserved for appellate review. TEX. R. APP. P. 33.1(a).

Tina next argues that the trial court erred in granting Appellee's motion for summary judgment based upon the evidence in the summary judgment record. Tina further contends that the trial court erred in concluding that the affirmative defenses of release and estoppel were established. When the trial court's judgment does not specify which of several grounds proposed was dispositive, we affirm on any ground raised in

the motion that has merit and was preserved for review. *See Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

In the motion for summary judgment, Appellees argued that Tina released any and all claims against them. The parties entered into a settlement agreement which states:

> Effective upon payment to Seller pursuant to the Closing Statement (Exhibit B-3) and Closing of the Transaction, Seller, on her behalf and on behalf of the Estate, present and former spouses, dependents, agents, representatives, heirs, executors, administrators, trustees, partners, successors, assigns, attorneys, accountants, insurers, lenders and all persons acting by, through, under, or in concert with her, past or present (collectively, the "Seller's Releasors"), fully and finally releases and forever discharges Buyers and their present and former spouses, dependents, agents, representatives, heirs, executors, administrators, trustees, partners, successors, assigns, attorneys, accountants, insurers, lenders and all persons acting by, through, under, or in concert with them, past or present, and the Companies and their respective parents, entities, subsidiaries, and affiliates, past and present, as well as their former and present directors, officers, managers, owners, shareholders, members, managers, partners, associates, employees, contractors, customers, predecessors, successors, agents, representatives, insurers, successors, assigns, attorneys, including but not limited to the law firms Koley Jessen, P.C., L.L.O. and Wray, Willett, & Stoffer, PLLC, accountants, including but not limited to the accounting firm Nosal Professional Group, insurers, lenders and sureties, (collectively, the "Seller's Releasees"), of any and from any and all manner of actions, causes of action, claims for relief, in law or in equity, statutory relief, statutory claims, statutory violations, suits, liens, administrative remedies, injunctions, debts, torts, remuneration for services, breach of covenant of good faith and fair dealing, reports, applications, licensing, practices and procedures, frauds, contracts, promissory notes, agreements, promises, breaches of fiduciary duties, tortious interference with contracts, fraudulent inducement, defamation, violation of a law now or hereafter recognized, conversion, mismanagement, liabilities, claims, demands, wages, commission and expense claims, damages, interest, losses, charges, liabilities, invoices, penalties, liens, costs, fees or expenses, of any nature whatsoever, known or unknown, fixed or contingent …which the Seller's Releasors or any of them now have or have ever had against the Seller's

Releasees or any of them that arise out of or are in anyway related to the Disputes, the Relationship, the Equity, any matter discussed herein or by reason of any and all acts, omissions, events or facts occurring or existing as of the date hereof. …

The release is signed by Tina individually and as Independent Executrix of the Estate of Grady Martin Haight.

A release is a contractual arrangement that operates as a complete bar to any later action based upon matters covered in the release. *Naik v. Naik*, 438 S.W.3d 166, 174 (Tex. App. —Dallas 2014, no pet.). To release a claim effectively, the releasing instrument must "mention" the claim to be released. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex.1991); *Naik v. Naik*, 438 S.W.3d at 175. However, it is not necessary for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release. *Naik v. Naik*, 438 S.W.3d at 175. Rather, "a valid release may encompass unknown claims and damages that develop in the future." *Id*.

The Settlement Agreement and Release was part of the summary judgment evidence admitted without objection and considered by the trial court. The release signed by Tina specifically releases the parties' attorneys and the Koley Jessen law firm. The release included all causes of action and claims for relief. The release operates as a bar to Tina's claims.

Tina further contends that the release was obtained through trickery, that she did not understand what she was signing, and that she signed "naked signature pages" that did not contain the terms of the agreement. The law presumes that the party knows and

accepts the contract terms. *National Property Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015). The record shows that Tina's attorney's read the provisions of the agreement to her. There is an acknowledgment signed by Tina that states "THE FOREGOING SETTLEMENT AND MUTUAL RELEASE AGREEMENT HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THE AGREEMENT." The trial court did not err in granting Appellees' motion for summary judgment. We overrule Tina's second issue. Further, since we find that the trial court did not err in granting summary judgment because Tina's claims were barred by the release, we need not address Tina's fourth issue. TEX. R. APP. P. 47.1.

### SUMMARY JUDGMENT EVIDENCE

In the third issue, Tina argues that the trial court erred in sustaining Appellees' objection to her summary judgment evidence and striking the evidence. Appellees objected to Tina's summary judgment evidence, specifically Paragraph 17 of Tina's affidavit offered as Exhibit 31. Appellees argued that the "paragraph is a sham because it contradicts Tina's deposition testimony that she relied upon her own attorneys in deciding whether to enter in the transaction at issue." The trial court sustained the objection and struck Paragraph 17 of Exhibit 31.

Although we generally review summary judgments de novo, a trial court's refusal to consider evidence under the sham affidavit rule should be reversed only if it was an abuse of discretion. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). This standard

of review reflects the deference traditionally afforded a trial court's decision to exclude or admit summary judgment evidence. *Lujan v. Navistar, Inc.*, 555 S.W.3d at 85. A trial court may conclude that a party does not raise a genuine fact issue by submitting sworn testimony that materially conflicts with the same witness's prior sworn testimony, unless there is a sufficient explanation for the conflict. *Lujan v. Navistar, Inc.*, 555 S.W.3d at 87.

In paragraph 17 of her affidavit, Tina stated that she relied upon representations made to her by Koley Jessen attorneys and others when deciding whether to enter into the transaction to sell the Haight businesses. However, the record shows that Tina previously stated that she relied on her own counsel during negotiations. The trial court did not abuse its discretion in striking the summary judgment evidence. We overrule Tina's third issue.

**FANKHAUSER'S ISSUES ON APPEAL**

**SUMMARY JUDGMENT EVIDENCE**

In his first issue, Fankhauser argues that the trial court relied upon summary judgment evidence that was not properly before the court. As discussed in Tina's second issue, the parties had an Agreed Protective Order for the filing of confidential information. At the hearing on the motion for summary judgment, Tina and Fankhauser waived any objections to the Appellees' summary judgment evidence by failing to object to the materials or the manner in which they were filed. The record shows that the summary judgment evidence was before the trial court and is part of the appellate record.

The complaint was not preserved for appellate review. TEX. R. APP. P. 33.1(a). We overrule Fankhauser's first issue.

**PROFESSIONAL CONDUCT**

Fankhauser argues in his second issue that the trial court was precluded from granting summary judgment in Appellees' favor because Koley Jessen failed to comply with Rule 1.07 of the Texas Disciplinary Rules of Professional Conduct. Rule 1.07 provides that "a lawyer shall not act as an intermediary between clients unless the lawyer consults with each client concerning the implications of the common representation … and obtains each client's written consent to the common representation." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.07 (a) *reprinted* in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app.A.

Issues not expressly presented to the trial court by written motion, answer or other response to the motion for summary judgment shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c); *see Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App. —San Antonio 2010, pet. den'd). A party cannot raise new reasons why a summary judgment should have been denied for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Garcia v. Garza*, 311 S.W.3d at 44. Because this argument was not presented to the trial court, we are precluded from reaching its merits. We overrule Fankhauser's second issue on appeal.

**SUMMARY JUDGMENT**

Fankhauser argues in the third issue that the trial court erred in granting Appellee's motion for summary judgment because a fact issue exists whether Tina properly executed the release documents.

In addressing Tina's second issue on appeal, we discussed in detailed fashion the manner in which the release was executed. We found that the release, properly signed by Tina, operates as a bar to Tina's claims. We further found that the law presumes that the party knows and accepts the contract terms. *National Property Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015). Tina contends that she did not understand what she was signing and that she signed "naked signature pages." However, the record shows that Tina's attorney's read the provisions of the agreement to her. There is an acknowledgment signed by Tina that states "THE FOREGOING SETTLEMENT AND MUTUAL RELEASE AGREEMENT HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THE AGREEMENT." The trial court did not err in granting Appellees' motion for summary judgment. We overrule Fankhauser's third issue. Because we find that the trial court did not err in granting summary judgment because Tina's claims were barred by the release, we need not address Fankhauser's fourth issue. TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,*
      Justice Davis, and
      Justice Neill
      *(Chief Justice Gray concurs in the judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed June 12, 2019
[CV06]

