**In the Matter of the ESTATE OF Mary Ellen Logan BENDTSEN.**

**No. 05–06–00022–CV.**

Court of Appeals of Texas, Dallas.

July 12, 2007.

Rehearing Overruled Sept. 5, 2007.

Edwin Carl Olsen, IV, Dallas, for appellant.

Mark Douglas Cronenwett, R. Michael Northrup, Gregory J. Lensing, Cowles & Thompson, P.C., John R. Norris, III, Calloway, Norris, Burdette & Weber, Dallas, for appellee.

Before Justices O'NEILL, FITZGERALD, and MAZZANT.

---

## OPINION

Opinion by Justice FITZGERALD.

Mary Ellen Logan Bendtsen died on March 2, 2005. This appeal grows out of conflicting claims concerning the right to administer her estate. We affirm the trial court's orders challenged by appellant Dixie L. Tidwell concerning that administration.

In October 2002, Bendtsen executed a will that named her only child, Frances Giron, as executrix and sole beneficiary of her estate (the "2002 Will"). On February 22, 2005, Bendtsen suffered a stroke and was admitted to the hospital. Between those dates—October 2002 and February 2005—Bendtsen became estranged from Giron. During the same period of time, Bendtsen grew close to a small group of friends, who were present with her in the hospital after the stroke. In the emergency room that same day, Bendtsen executed a second will in favor of those friends. It named Dixie Tidwell as executrix, and Justin Burgess and Mark McCay as primary beneficiaries (the "2005 Will").

A week later, Bendtsen died. Early the same morning, Tidwell filed the 2005 Will for probate. Hours later, Giron filed the 2002 Will for probate. Giron filed a petition contesting the 2005 Will. She moved for summary judgment on a number of grounds, and the trial court granted the motion on the basis that necessary formalities were not complied with during execution of the 2005 Will. Tidwell appealed, and that appeal is addressed by an opinion of this Court issued on this date as well.[1]

Administration of Bendtsen's estate continued in the trial court. Shortly after the summary judgment proceeding and appeal, the court-appointed Temporary Administrator of the estate filed an application seeking authority to sell certain personal property of the estate; the trial court granted the motion. Tidwell filed a formal opposition to the application and sought rehearing of the issue. The Temporary Administrator then filed a motion in limine, asking the trial court "to determine in limine whether Dixie L. Tidwell has requisite interest in this Estate that would allow her to file her pleadings and to oppose and request a rehearing in this matter." The trial court granted the Temporary Administrator's motion and struck Tidwell's pleadings in opposition to the sale of estate property.

Next, Tidwell filed a petition challenging the 2002 Will. The trial court issued its order stating, *inter alia,*

This Court, having previously determined in its Order on Motion in Limine signed on December 5, 2005, that Ms. Tidwell has no interest in the Estate of Mary Ellen Logan Bendtsen, hereby determines that Ms. Tidwell has no standing to assert her Original Petition Contesting Will.

The court dismissed Tidwell's petition with prejudice. On the same day, the trial court admitted the 2002 Will to probate and authorized letters testamentary to be issued to Giron as executrix of her mother's estate.

Tidwell appeals the trial court's December 5, 2005 order granting the Temporary Administrator's Motion in Limine, and the two orders dated December 12, 2005, dismissing her Original Petition Contesting Will and granting letters testamentary to Giron. In four issues Tidwell complains that the trial court erred (1) in ruling she lacked standing to contest proposed actions of the Temporary Administrator, (2) in "enlarging" that first order to conclude

---

1. *See In the Matter of the Estate of Mary Ellen Logan Bendtsen,* 230 S.W.3d 823 (Tex.App.- Dallas 2007, no pet. h.).

she had no interest whatsoever in Bendtsen's estate, (3) in dismissing her will contest, and (4) in issuing letters testamentary to Giron.

■ All of Tidwell's issues depend upon the answer to a single legal question: does Tidwell possess a legal interest in the estate such that she may oppose actions taken concerning the estate's administration? According to longstanding Texas law,

> Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits.

Tex. Prob.Code Ann. § 10 (Vernon 2003). The code defines "interested persons," in relevant part, to be:

> heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered ...

*Id.* § 3(r). Tidwell does not fall within any of these statutory categories. Nor does she have any pecuniary interest in the estate, which well-settled Texas law requires. *See Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215 (Tex.1947) ("The interest referred to must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will.").

■ Tidwell contends that, as the named executrix of the 2005 Will, she is a "representative" of those with pecuniary interests. However, as the personal representative of the estate, Tidwell represents the estate, not any individual devisee under the will. "An executor of an estate is *not* an interested person." *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.-Houston [14th Dist.] 1994, writ den.) (citing *Muse, Currie and Kohen v. Drake*,

535 S.W.2d 343 (Tex.1976)) (emphasis in original).

In sum, the trial court correctly concluded that Tidwell could not qualify as an "interested person" under the probate code. Thus the trial court correctly dismissed her opposition to the Temporary Administrator's application and her petition contesting the 2002 Will. There was no inappropriate "enlargement" of the court's initial ruling: the no-interest ruling supported both dismissals. We decide Tidwell's first three issues against her.

In her fourth issue, Tidwell argues the trial court erred in granting letters testamentary to Giron for three reasons: (1) the 2005 Will had revoked the 2002 Will; (2) Giron herself testified the 2002 Will had been revoked; and (3) Tidwell's will contest was filed before the letters testamentary were granted. None of these arguments survives the setting aside of the 2005 Will and the dismissal of Tidwell's will contest. Moreover, our resolution of the standing issue dictates the outcome of this issue as well. Tidwell has no standing to complain of the admission of the 2002 Will to probate and the accompanying grant of letters testamentary to Giron. Indeed, Tidwell's fourth issue is nothing more than a recast will contest, and we have affirmed the trial court's dismissal of Tidwell's will contest with prejudice. We decide Tidwell's fourth issue against her as well.

We affirm the orders of the trial court challenged in this appeal.