IN RE: Jeanette B. DAVIDSON, Individually and as Independent Executor of the Estate of Gary L. Davidson, Deceased, Relator

NO. 12–15–00058–CV

Court of Appeals of Texas, Tyler.

Opinion delivered April 6, 2016.

Thomas R. McLeroy Jr., for Relator.

Jeffrey L. Coe, for Appellee.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

JAMES T. WORTHEN, Chief Justice

In this original mandamus proceeding, Jeanette B. Davidson, individually and as independent executor of the estate of Gary L. Davidson, deceased, challenges the trial court's order denying her motion to trans-

fer venue.[1] The issue presented is whether the trial court abused its discretion in denying Jeanette's motion to transfer venue to San Augustine County. We deny the petition for writ of mandamus.

## BACKGROUND

Stone Haynes died on May 1, 2012, in San Augustine County. His son Ben filed an application to probate his will stating that the Anderson County Court at Law had jurisdiction and venue because Stone Haynes was domiciled in Anderson County and had a fixed place of residence there at the time of his death. On August 1, 2012, before the will was admitted to probate, Ben signed under oath an interrogatory answer, stating that Stone Haynes was domiciled in San Augustine County and had a fixed place of residence in that county at the time of his death. He also filed on the same day a sworn Proof of Death and Other Facts containing the same information. The Anderson County Court at Law rendered an Order Probating Will and Authorizing Letters Testamentary on August 8, 2012, finding that Stone Haynes was domiciled in San Augustine County at the time of his death. The court also found that it has jurisdiction and permissive venue over the estate. On October 15, 2012, Ben filed an Inventory, Appraisement, and List of Claims showing the total value of the estate's assets as $183,843.88. Included among those assets was the principal due, $172,778.88, on a real estate lien note that Gary and Jeanette Davidson executed on May 20, 1997, payable to Stone Haynes over a ten year period.

On July 24, 2012, also before the will was admitted to probate, Ben sued Jeanette, individually and as independent executor of Gary's estate. He alleged that the note executed by Gary and Jeanette was in default, that he had accelerated the debt according to the terms of the note, and that the sum of $172,778.88 plus accrued interest was currently due. Jeanette filed an answer, which included a counterclaim against Ben because he filed the suit in Anderson County even though, she alleged, venue was not proper in that county.

On October 26, 2012, Jeanette, individually and as independent executor of Gary's estate, filed a motion to transfer venue of the probate proceeding to San Augustine County. As support for the motion, Jeanette cited the mandatory venue provision for a proceeding to admit a will to probate. Ben filed a written response opposing the motion, and the trial court rendered an order denying the motion to transfer venue. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

■■■ Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). A trial court abuses its discretion by failing to analyze or apply the law correctly. *Id.* As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Id.* at 837.

■■■ A party may apply for a writ of mandamus with an appellate court to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642

---

1. The real party in interest is Benjamin "Ben" Stone Haynes, independent executor of the estate of Stone Haynes, deceased. The respon- dent is the Honorable B. Jeffrey Doran, Judge of the Anderson County Court at Law.

(West 2002); *see also In re Hannah*, 431 S.W.3d 801, 806 (Tex.App.–Houston [14th Dist.] 2014, orig. proceeding) (per curiam). The focus of a mandamus proceeding under section 15.0642 is whether the trial court abused its discretion. *Id.* A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion. *Id.*

### STANDING

■ "Venue for a probate proceeding to admit a will to probate or for the granting of letters testamentary or of administration is ... in the county in which the decedent resided, if the decedent had a domicile or fixed place of residence in this state." TEX. EST. CODE ANN. § 33.001(1) (West 2014).[2] An "interested person" may file a motion to transfer a probate proceeding to the proper county if it appears that the trial court does not have priority of venue over the proceeding. *Id.* § 33.102(a) (West 2014). Ben contends that Jeanette is not an "interested person" and therefore does not have standing to file a motion to transfer venue. In a probate proceeding, the burden is on the person whose standing is challenged to prove that she is an "interested person." *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 297–98 (1960); *A & W Indus. v. Day*, 977 S.W.2d 738, 741 (Tex.App.–Fort Worth 1998, no pet.).

### Creditor of the Estate

■ The Estates Code defines an "[i]nterested person" or a "person interested"

as "[a]n heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered." TEX. EST. CODE ANN. § 22.018(1) (West 2014). Jeanette asserted in the trial court that she has standing because "as an alleged debtor of the decedent's estate who has denied liability and asserted claims against the estate, [she] clearly has a pecuniary interest which may be materially affected by the [probate] proceedings...." In her mandamus petition, she elaborates further that she has asserted a counterclaim for damages against the estate under the Texas Deceptive Trade Practices Consumer Protection Act. Therefore, she contends that she is a creditor of the estate whose standing is conferred by the statutory definition of "interested person."

In construing a statute, our primary objective is to give effect to the legislature's intent. *Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex.2010). Where there is no legislative definition of a term, we rely on the plain meaning of the text as expressing legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd results. *Id.*

The Estates Code does not define "creditor." However, Jeanette points out that, in legal parlance, "creditor" includes "[a] person or entity with a definite claim against another, especially a claim that is capable of adjustment and liquidation." BLACK'S LAW DICTIONARY (9th ed.2009). In the probate context, the legislature has defined "claims" as including (1) liabilities of a decedent that survive the decedent's

---

**2.** Effective January 1, 2014, the Texas Probate Code was repealed and recodified in the Texas Estates Code. *See* Acts 2009, 81st Leg., ch. 680, § 1 *et seq.* ; Acts 2011, 82nd Leg., ch. 923, § 1 *et seq.* ; Acts 2011, 92nd Leg., ch. 1338, § 1 *et seq.* The new codification is "without substantive change," and its purpose is to make the law "more accessible and understandable." *See* TEX. EST. CODE ANN. § 21.001 (West 2014). Accordingly, in this opinion we cite and refer to the Estates Code and its corresponding sections where the parties originally referred to the probate code.

death, including taxes, regardless of whether the liabilities arise in contract or tort or otherwise; (2) funeral expenses; (3) the expense of a tombstone; (4) expenses of administration; (5) estate and inheritances taxes; and (6) debts due a decedent's estate. TEX. EST. CODE ANN. § 22.005 (West 2014).

Jeanette alleges in her counterclaim that Ben's acts and conduct in filing the suit in Anderson County instead of San Augustine County are "false, misleading or deceptive acts and practices under TEX. BUS. & COMM. CODE ANN., § 17.46(b)(23)." *See* TEX. BUS. & COMM. CODE ANN. §§ 17.46–17.63 (West 2011 & Supp.2015) (Deceptive Trade Practices–Consumer Protection Act). She alleges further that Ben's conduct was committed "knowingly and/or intentionally" and, consequently, the estate is liable for damages and attorney's fees. A suit for damages resulting from the alleged misconduct of an independent executor is not a pre-death liability of the decedent. *See* TEX. EST. CODE ANN. § 22.005(1) (defining "claims" as including liabilities of decedent that survive his death). Nor is such an action one of the other enumerated expenses included within the estates code definition of "claims." *See id.* § 22.005(2)-(6). Therefore, Jeanette's counterclaim does not qualify as a "claim" according to the estates code. Nevertheless, Jeanette argues that she has standing under the supreme court's definition of "person interested."

### Pecuniary Interest in the Estate

■ Before the legislature defined "person interested" and "interested person," the Texas Supreme Court explained that the term "person interested" has a well-defined but restricted meaning. The interest referred to must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. Thus the burden is on every person ... to allege, and, if required, to prove, that [s]he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, or in some manner materially affected ....

*Logan v. Thomason,* 146 Tex. 37,202 S.W.2d 212, 215 (1947).[3] "The interest referred to must be one that will be affected by the probate or defeat of the will." *Id.* As one court has noted, "[c]ases after *Logan* have continued to give standing [to those] not set out in [the predecessor to Section 22.005], although in somewhat limited circumstances." *Allison v. Fed. Deposit Ins. Corp.,* 861 S.W.2d 7, 9 (Tex. App.–El Paso 1993, writ dism'd by agr.).

■ Jeanette states that she is in possession of money or property from which the alleged debt will be satisfied if Ben prevails in his suit. And she asserts that "the venue [of Ben's] suit has a direct impact on her pecuniary interest therein." More specifically, she contends that "[l]itigation in a forum distant from [her] residence increases the cost of litigation, the ease with which [she] can prosecute [her] defense to the litigation[,] and [her] prospect for a satisfactory conclusion thereof."

By these statements, Jeanette explains her reasons for wanting to transfer venue

---

**3.** The note Gary and Jeanette executed was secured by a lien on 216.17 acres out of the N.G. Roberts League Survey, A–38, in San Augustine County. Gary and Jeanette were the owners of the 216.17 acres in fee simple, subject to Stone Haynes's encumbrance. However, the parties agreed at the hearing on Jeanette's motion to transfer venue that foreclosure of the lien is barred by limitations, but a suit for collection of the debt is not barred.

to San Augustine County and the effect that a judgment against her in Ben's suit will have on her personal financial situation and the condition of Gary's estate. But she does not state facts that show she has a pecuniary interest in Stone Haynes's estate. *See, e.g., Logan*, 202 S.W.2d at 215; *see also In re Estate of Stone*, 475 S.W.3d 370, 377 (Tex.App.–Waco 2014, pet. denied) (holding that appellant could not be "interested person" because his contract to purchase estate property was not confirmed by court and he did not fall within statutory categories for "interested person" or have pecuniary interest in estate); *In re Estate of Bendtsen*, 230 S.W.3d 832, 834 (Tex.App.–Dallas 2007, no pet.) (person named executrix in decedent's prior will lacked standing to contest later will because she did not fall within statutory categories for "interested person" or have pecuniary interest in estate).

Therefore, the trial court reasonably could have concluded that *Logan* does not apply.

### DISPOSITION

Based upon the foregoing analysis, we hold that the trial court reasonably could have concluded that Jeanette lacked standing to file a motion to transfer venue. Consequently, the trial court did not abuse its discretion in denying her motion to transfer venue of the probate proceeding. Accordingly, we ***deny*** Jeanette's petition for writ of mandamus.