COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN THE MATTER OF THE ESTATE OF §

JOSE CASARES, DECEASED, §

§

§

§

No. 08-17-00057-CV

Appeal from

Probate Court No. 1

of El Paso County, Texas

(TC # 2010-P00681)

## O P I N I O N

Appellant, George L. Mortensen, appeals from a judgment declaring heirship. We affirm.

## FACTUAL SUMMARY

Jose Casares (Decedent) died on December 8, 2005 in El Paso County, Texas. In 2010, the Decedent's daughter, Crystal Dianne Ortiz, filed an application for appointment of a dependent administrator and issuance of letters testamentary. The probate court did not appoint a dependent administrator and there was little activity in the case for approximately five years. In 2015, Ortiz retained new counsel and she filed a motion to dismiss her application for dependent administration. Alleging that she and her brother, Steven Joseph Casares, were the only heirs and administration was unnecessary, Ortiz also filed an application to determine heirship. On December 1, 2015, the probate court granted Ortiz's motion to dismiss the application for dependent administration. Ortiz's brother waived and renounced his right to be appointed

administrator of the Estate.

On May 6, 2016, Mortensen filed what he characterized as an authenticated claim in the amount of $30,000 against the Estate. Mortensen alleged that he lived next door to Decedent's house located on Bishop Way in El Paso and the house had been abandoned for several years. According to Mortensen, he had been "adversely affected by Decedent's encroachment on Claimant's property, by the Decedent's heirs, assignees and/or administrators failing to maintain the property, and the failure of the administrator, heirs and/or assignees failing to complete administration of the estate in a timely manner." In his affidavit, Mortensen asserts that an addition to the property has been infested with a large number of pigeons, bees, and hornets, and it has been necessary for him to remove trash and weeds from the property. Mortensen also alleged that Decedent's heirs refused to communicate with him or address the issues with the home.

Mortensen subsequently employed counsel to represent him in the case and filed an application for dependent administration and issuance of letters testamentary. Counsel withdrew a few months after filing the application, and Mortensen represented himself through the ensuing portion of the case and in this appeal.

Ortiz filed an amended application to determine heirship in November 2016. The amended application that there are no debts owed by Decedent that are not secured by liens upon real estate and there is no necessity for an administration of the estate. Mortensen answered the amended application and asserted an adverse possession claim with respect to the Bishop Way property claiming he had taken possession of the property in April 2016.

On February 15, 2017, the probate court entered a judgment declaring heirship. The court

subsequently conducted a hearing on Mortensen's various motions and his claim for unliquidated damages. Other than his own unsworn statements, Mortensen did not offer any evidence in support of his claim for damages. The probate court entered an order denying Mortensen's claim based on its determinations that Mortensen is not an interested person and he failed to offer proof to substantiate his claim.

## STANDING

In two issues, Mortensen challenges the judgment declaring heirship and the order denying his "authenticated claim". Each issue includes multiple sub-arguments. For example, he argues that the heirship application was untimely filed, it did not give proper notice, it was not properly served, it did not include required information, and he did not receive notice of the hearing on the application. Appellees Ortiz and Casares respond that Mortensen lacks standing to challenge the judgment declaring heirship or the order denying his claim because is not an interested person within the meaning of the Estates Code. We agree.

In a probate proceeding, the burden is on the person whose standing is challenged to prove that she is an "interested person." *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 297–98 (1960); *In re Davidson*, 485 S.W.3d 927, 930 (Tex.App.--Tyler 2016, orig. proceeding). The Estates Code defines an "interested person" or a "person interested" as "an heir, devisee, spouse, creditor, or any other having a property right in or *claim against an estate being administered*." [Emphasis added]. TEX.ESTATES CODE ANN. § 22.018(1)(West 2014); *see In re Davidson*, 485 S.W.3d at 930. It is undisputed that Mortensen is not an heir, devisee, spouse, or creditor, and he does not have a property right in the estate. In order for Mortensen to be an interested person, he

- 3 -

must have a claim against the estate being administered.

We note at the outset that the probate court is not administering the Decedent's estate because Ortiz's application asserted that administration is unnecessary. For this reason alone, Mortensen does not have a "claim against an estate being administered." Further, the Legislature has defined the term "claims", as used in the probate context, to include:

(1) liabilities of a decedent that survive the decedent's death, including taxes, regardless of whether the liabilities arise in contract or tort or otherwise;

(2) funeral expenses;

(3) the expense of a tombstone;

(4) expenses of administration;

(5) estate and inheritance taxes; and

(6) debts due such estates.

TEX.ESTATES CODE ANN. § 22.005. Mortensen's claim for damages against the estate is based on the alleged failure of the heirs to manage the property and keep it in good repair after Decedent's death. The claim obviously does not fall within subsections (2), (3), (4), (5), or (6). It also is not a claim within the meaning of subsection (1) because it is not a pre-death liability of the decedent. *See In re Davidson*, 485 S.W.3d 927, 931 (Tex.App.--Tyler 2016, orig. proceeding)(holding that a suit for damages resulting from the alleged misconduct of an independent executor is not a pre-death liability of the decedent). Because Mortensen is not an interested person as defined by Section 22.018, he does not have standing to challenge Ortiz and Casares's heirship claims or to present his claim for damages. Consequently, we will not address the individual arguments raised in Issues One and Two. Issues One and Two are overruled. The judgment declaring heirship and

the order denying Mortensen's claim against the estate are affirmed.


August 14, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.
Rodriguez, J., not participating