

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GEORGE L. MORTENSEN, | § | |
| | | No. 08-19-00080-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Probate Court No. 1 |
| DANIEL VILLEGAS AND | § | |
| ELVIA L. RAMIREZ, | | of El Paso County, Texas |
| | § | |
| | | (TC# 2010-P00681) |
| Appellees. | | |
| | § | |

## **O P I N I O N**

This is the second *pro se* appeal by Appellant George L. Mortensen in which he contests

the dismissal of claims asserted in an heirship proceeding pending in a statutory probate court.

Following dismissal of prior claims based on lack of standing, Mortensen returned to the same

cause and forum below to assert claims against Daniel Villegas and Elvia L. Ramirez (Appellees,

collectively), as well as against other defendants who are not parties to this appeal.[1] For a second

---

[1] Mortensen's original petition named five defendants, Daniel Villegas, Elvia L. Ramirez, Crystal Dianne Ortiz, Steven Joseph Casares, and State Farm Fire and Casualty Company. By notice of appeal, however, Mortensen only challenged final orders of the probate court that pertain to three of the originally named defendants, Villegas, Ramirez and Ortiz. Even still, only Villegas and Ramirez were served with process, and later, obtained favorable relief from the court below. As to Ortiz, she was never served with legal process and Mortensen merely challenged the probate court's denial of his motion for alternative service. Texas courts lack personal jurisdiction over a party if service of citation is not accomplished on that party. *See Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 590 (Tex. App.—El Paso 2013, no pet.) (citing *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012)). By Order issued August 6, 2019, we rejected Mortensen's attempt to appeal the interlocutory order pertaining to Ortiz. Thus, only Villegas and Ramirez remain as appellees to this appeal. For brevity, we will refer to Villegas and Ramirez collectively as Appellees unless there is a need to identify either one individually.

time, the probate court dismissed Mortensen's claims for want of jurisdiction, and in doing so, granted relief sought by Appellees to include awards of attorney's fees. Mortensen raises six issues challenging the court's dismissal of his claims and the sufficiency of the evidence supporting the fee awards. We affirm in part and reverse and remand in part.

## I. BACKGROUND

### A. Mortensen's first appeal

In 2010, Crystal Dianne Ortiz filed an application for the appointment of a dependent administration of the estate of her father, Jose Casares (Decedent), in Probate Court No. 1 of El Paso County. For several years, little activity transpired in the case until Ortiz retained new counsel. In 2015, Ortiz filed a motion to dismiss her application for dependent administration asserting that she and her brother, Steven Joseph Casares, were the only heirs and that an administration of an estate was not necessary. Ortiz included an application to determine heirship with her dismissal motion. On December 1, 2015, the court granted Ortiz's motion to dismiss the application for dependent administration but made no determination of the Decedent's heirs.

On May 6, 2016, Mortensen filed a *pro se* pleading characterizing himself as an interested person asserting an "authenticated claim" against the estate. Mortensen described that he owned real property located next door to a property owned by Decedent. Alleging that Decedent's property had been abandoned for several years, Mortensen claimed his neighboring property had been encroached upon and adversely affected by the circumstance. Mortensen sought recovery of $30,000 against Decedent's estate for diminishment of the value of his property, for the labor he had expended to pull weeds and pick-up trash from Decedent's property, and for time he spent researching and pursuing his claim.

2

On February 15, 2017, the probate court entered a judgment declaring that Ortiz and her brother, Steven Joseph Casares, were the heirs of Decedent and each shared a one-half interest in Decedent's real and personal property. Ortiz later filed a motion to declare Mortensen a vexatious litigant who filed an unsubstantiated and unfounded claim. Ortiz further asserted that Mortensen lacked standing to bring his suit. Thereafter, the court rendered an order denying Mortensen's claim based on his lack of standing and his failure of proof of appropriation over the subject property. The court also denied the motion to declare him a vexatious litigant. Although Mortensen appealed to this Court, we affirmed the probate court's judgment. *See Matter of Estate of Casares*, 556 S.W.3d 913, 915-16 (Tex. App.—El Paso 2018, no pet.). Like the court below, we held that Mortensen lacked standing to challenge the heirship claims or to otherwise present a claim for damages in the heirship proceeding. *Id*.

### B. Mortensen files new claims

Following the first appeal, Mortensen returned to the same heirship proceeding and filed an original petition in which he asserted new claims against Decedent's heirs, Ortiz and Casares; against Appellee Elvia L. Ramirez, a notary public employed by Ortiz's attorney; against State Farm Fire and Casualty Company (State Farm), the notary surety of Ramirez; and against Appellee Daniel Villegas, a friend of Decedent's family. The petition describes that Ortiz resides in San Antonio, and Casares is believed to be homeless but he maintains a mailing address in Colorado Springs, Colorado. By his petition, Mortensen alleged the following as his causes of action: (1) that Ramirez improperly refused to give him access to her notary records; (2) that State Farm failed to pay a bond claim on behalf of Ramirez pertaining to her refusal; (3) that Ortiz committed slander by filing a police report that alleged that Mortensen had committed a burglary of the Decedent's

3

home; (4) that Ortiz committed libel by filing the police report; and (5) that Ortiz, Casares, and Villegas, committed a "Nuisance Tort[ ]" against Mortensen who had expended time and expenses repairing Decedent's property.[2]

Relevant to this appeal, Ramirez and Villegas each filed a combined motion which sought protection from discovery and dismissal of all claims asserted. By their motions, Ramirez and Villegas asserted that Mortensen had brought frivolous, groundless claims in bad faith and for the purpose to cause unnecessary and needless costs of litigation. Relying on this Court's prior ruling, Appellees pointedly claimed that Mortensen did not qualify as an interested person of the heirship proceeding. Along with dismissal, Ramirez and Villegas sought attorney's fees of $5,000 and $10,000, respectively. Responding to Villegas's motion, Mortensen contended that "$10,000 in 'reasonable attorney fees' is not based on the realities in this case and is simply [ ] designed to intimidate the Plaintiff and attempt to prevent further discovery that would support Plaintiff's causes of action." In responding to Ramirez's motion, he argued against dismissal but included no specific response to the claim for attorney's fees.

At the hearing that followed, Ramirez and Villegas urged dismissal asserting the court had already determined that Mortensen lacked standing to assert claims in the proceeding and that ruling had been affirmed on appeal by this Court. Mortensen continued to urge that he had standing with the court and he opposed dismissal. As the hearing concluded, the trial court reiterated that it had already determined that Mortensen lacked standing in the estate, and he had improperly

---

[2] Regarding defendant State Farm, Mortensen dismissed his sole claim against it pursuant to a settlement agreement. As to heir Steven Casares, our record includes a citation showing a signed return asserting that service was effected on him by certified mail, restricted delivery, return receipt. The record also includes a green card reflecting delivery of an article addressed to Casares at an address in Colorado Springs, CO, which purportedly contains a signature of Casares on the delivery receipt. But Casares made no appearance or filed any pleading in the record below.

brought claims for which the court lacked jurisdiction. Before concluding, the court announced its willingness to allow the attorneys representing Ramirez and Villegas to submit bills for having "to defend this again." Subsequently, the trial court rendered the following written orders: (1) an order denying Mortensen's motion for alternative service on Ortiz; (2) an order granting Villegas's motion for a protective order; and (3) an order dismissing Mortensen's petition in its entirety which included orders awarding attorney's fees of $4,500 to Ramirez and $3,375 to Villegas. Invoices from both attorneys were attached to the court's order reflecting itemized charges for legal services which corresponded to the respective amounts of fee awarded.

This appeal followed.

## II. ISSUES ON APPEAL

In six issues, Mortensen challenges the probate court's order dismissing his original petition, the court's grant of protective orders and awards of attorney's fees to Villegas and Ramirez, and the denial of his motion for alternative service on Ortiz. Responding, Appellees assert a series of arguments. First, that the probate court lacked subject-matter jurisdiction over claims asserted by Mortensen urging that he lacked standing to litigate matters involving the estate. Second, Appellees further argue that the probate court did not abuse its discretion in granting protective order relief. Third, as to the awards of attorney's fees, Appellees contend that Mortensen waived error by failing to object in the probate court and by failing to adequately brief his challenge in this Court. Fourth, regarding a specific portion of the fees awarded to Villegas, Mortensen waived any complaint about Villegas's failure to segregate recoverable fees from those that were nonrecoverable. Fifth, if no waiver occurred, Appellees alternatively argue that this Court should imply findings of fact and conclusions of law in support of such fee awards.

5

# III. DISCUSSION

### A. Issues One, Two, Three, and Six: Whether the probate court lacked subject-matter jurisdiction over Mortensen's original petition

#### 1. *Standard of Review*

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Standing is a component of subject-matter jurisdiction, *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015), and a constitutional prerequisite to maintaining suit. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). We always have jurisdiction to resolve questions of standing and jurisdiction. *Naylor*, 466 S.W.3d at 787. The existence of subject-matter jurisdiction and standing are rigid questions of law that are not negotiable and cannot be waived. *See Naylor*, 466 S.W.3d at 792; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Both are essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000).

A motion to dismiss based on the court's lack of subject-matter jurisdiction is the functional equivalent of a plea to the jurisdiction. *Narvaez v. Powell*, 564 S.W.3d 49, 53 (Tex. App.—El Paso 2018, no pet.). A plaintiff has the burden of pleading facts which affirmatively show that the trial court has jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. In deciding a plea to the jurisdiction, the trial court must determine if the plaintiff has alleged facts that affirmatively demonstrate its jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

*2. Applicable Law*

The Probate Court No. 1 of El Paso County is a statutory probate court. A statutory probate court has the general jurisdiction of a probate court as provided by the Texas Estates Code, and the jurisdiction provided by law for a county court to hear certain matters under the Health and Safety Code. *See* TEX. GOV'T CODE ANN. § 25.0021. It is a court of limited jurisdiction. *Narvaez*, 564 S.W.3d at 54.

For a suit to be subject to the jurisdiction provisions of the Texas Estates Code, it must qualify as either a "probate proceeding," or a "matter related to a probate proceeding," as defined by the Estates Code. *In re Hannah*, 431 S.W.3d 801, 807-08 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (citing TEX. EST. CODE ANN. §§ 21.006, 32.001(a), 33.002, 33.052, 33.101).

Section 31.001 of the Texas Estates Code provides:

The term "probate proceeding," as used in this code, includes:

(1) the probate of a will, with or without administration of the estate;

(2) the issuance of letters testamentary and of administration;

(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;

(5) a claim arising from an estate administration and any action brought on the claim;

(6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate;

(7) a will construction suit; and

(8) a will modification or reformation proceeding under Subchapter J, Chapter 255.

TEX. EST. CODE ANN. § 31.001.

"A matter related to a probate proceeding" is defined based on whether a county has a statutory probate court or county court at law exercising probate jurisdiction. *Hannah*, 431 S.W.3d at 809-10. As we have a statutory probate court in this case, Section 31.002(c) governs the scope of matters considered "related to a probate proceeding . . . ." That provision states as follows:

> (c) For purposes of this code, in a county in which there is a statutory probate court, a matter related to a probate proceeding includes:
>
> > (1) all matters and actions described in Subsections (a) and (b); and
> >
> > (2) any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative.

TEX. EST. CODE ANN. § 31.002(c).

> As referenced within that provision, subparts (a) and (b) provides as follows:
>
> (a) For purposes of this code, in a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:
>
> > (1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;
> >
> > (2) an action against a surety of a personal representative or former personal representative;
> >
> > (3) a claim brought by a personal representative on behalf of an estate;
> >
> > (4) an action brought against a personal representative in the representative's capacity as personal representative;
> >
> > (5) an action for trial of title to real property that is estate property,

8

including the enforcement of a lien against the property; and

(6) an action for trial of the right of property that is estate property.

(b) For purposes of this code, in a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:

(1) all matters and actions described in Subsection (a);

(2) the interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court; and

(2) the interpretation and administration of an inter vivos trust created by a decedent whose will has been admitted to probate in the court.

TEX. EST. CODE ANN. § 31.002(a), (b).

Finally, a probate court may also exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy. TEX. EST. CODE ANN. § 32.001(b). Yet for a probate court to have such authority to exercise jurisdiction over matters incident to an estate, it is axiomatic that there must necessarily be a probate proceeding then pending in such court. *Frost Nat'l Bank*, 315 S.W.3d at 506; *Narvaez*, 564 S.W.3d at 57.

*3. Application*

First, we observe that none of Mortensen's causes of action in his original petition qualify as a recognized "probate proceeding" pursuant to statutory terms. *See* TEX. EST. CODE ANN. § 31.001. Excluding the cause of action no longer pending against State Farm for its alleged failure to pay a bond claim, all remaining claims alleged in the petition were all based on the following acts or omissions: (1) failure of a notary public to afford access to her notary records; (2) slander based on a police complaint made against Mortensen; (3) libel for the same; and (4) a "Nuisance

9

Tort[ ]" attributed to the cost for repair and maintenance of the property. Plainly, none of these acts or omissions fall within any of the eight categories recognized as comprising probate proceedings under Texas Estates Code section 31.001. *See* TEX. EST. CODE ANN. § 31.001. Said differently, the prosecution of these claims fail to attack, impact, or otherwise alter the heirship judgment. While these purported claims do implicate certain parties who had some relation to a probate proceeding, their identity alone or the role played by each cannot bring the claims within the jurisdiction of the probate court. *See Hannah*, 431 S.W.3d at 808-09 (holding that relator's suit—consisting of a claim for money damages against multiple parties based on defendants' alleged conduct in slandering relator and tortuously interfering with the bequests to her in a decedent's prior wills—was not a "probate proceeding," despite the gravamen of the suit being that she was disinherited as a result of the defendants' alleged actions, where: (1) the suit did not fall within any of the categories listed within Texas Estates Code section 31.001; (2) the prosecution of relator's suit would not attack, impact, or otherwise alter the probate judgment; and (3) whatever potential liability the defendants may face based on their alleged individual actions vis-à-vis relator was a distinct matter to be determined, not by application of probate law, but rather by the law pertaining to her specific claims).

Moreover, for like reasons, we note that none of Mortensen's causes of action brought by his original petition qualify as "matter[s] related to a probate proceeding," even though he asserts purported causes that implicate individuals who were involved in some manner with the prior probate proceeding. *See* TEX. EST. CODE ANN. § 31.002(a), (b), (c).

Finally, we further find that the probate court no longer had pendent and ancillary jurisdiction to exercise over Mortensen's newly raised causes of action because the probate

10

proceeding had already concluded—having resulted in a judgment declaring heirship—and no longer remained pending in the probate court. *See Frost Nat'l Bank*, 315 S.W.3d at 506; *Narvaez*, 564 S.W.3d at 57. Thus, this third and last avenue through which Mortensen might have established jurisdiction was no longer viable to otherwise support the court's ancillary jurisdiction.

In sum, we conclude that Mortensen failed to raise a cause of action in which the probate court had subject-matter jurisdiction given his failure to allege a single claim that qualified as either a "probate proceeding," as a "matter related to a probate proceeding," or as one that triggered the probate court's pendent and ancillary jurisdiction. *See Hannah*, 431 S.W.3d at 807-08. Consequently, the statutory probate court here had no power nor constitutional authority to decide Mortensen's claims or any of the motions stemming therefrom. *See Bland*, 34 S.W.3d at 553-54 (instructing that subject-matter jurisdiction is essential to a court's power to decide a case). Accordingly, because we have concluded there is a want of subject-matter jurisdiction as to all claims asserted by Mortensen's petition, we will not address on their merits the arguments raised in Mortensen's Issues One, Two, Three, and Six, which challenge the probate court's order dismissing his petition, the order granting protective orders, and the order denying Mortensen's motion for alternative service of Ortiz, and we overrule these four issues.[3]

Although we overrule these issues based on the probate court's lack of subject-matter

---

[3] Appellees also contend that Mortensen does not have standing to advance his claims under the probate court cause number of this case for the same reasons we articulated in his previous appeal. *See Casares*, 556 S.W.3d at 915-16. As we previously observed, in a probate proceeding the burden is on the person whose standing is challenged to prove that he is an "interested person." *Id.* at 915. The Texas Estates Code defines an "interested person" as "an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered . . . ." TEX. EST. CODE ANN. § 22.018(1). We also observed in the prior appeal that the probate court was not administering an estate. *Casares*, 556 S.W.3d at 915. Thus, we held that Mortensen did not have a "claim against an estate being administered." *Id*. And for this additional reason, we would hold that Mortensen has no standing to raise his Issues One, Two, Three, and Six here and overrule them.

jurisdiction to hear them, we nonetheless retain the ability to consider whether the awards of attorney's fees by that court was proper, and we proceed to address Mortensen's remaining issues contesting those fees. *See Marcus v. Smith*, 313 S.W.3d 408, 415 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that the court had jurisdiction to address Appellant's complaint about trial attorney fees even though the court did not have jurisdiction to address the merits of the underlying proceeding from which those fees arose).

### B. Issues Four and Five: The awards of attorney's fees

In Issues Four and Five, Mortensen generally contends that the probate court abused its discretion in awarding attorney's fees of $4,500 to Ramirez and $3,375 to Villegas. In both issues, Mortensen broadly contends that the award of fees to each movant was unsupported by evidence. As to each award, however, he further includes a separate and distinct complaint. In Issue Four, he contends the fees to Ramirez were not reasonable; whereas in Issue Five, he contends the fees to Villegas were not incurred. Responding, Ramirez and Villegas present a two-part argument: (1) that Mortensen waived error regarding the fees awarded to their respective attorneys; and (2) if error was not waived, that this Court should imply that the probate court made all findings necessary to support the fee awards including findings that the respective awards were reasonable and necessary.

Addressing Issues Four and Five together, we begin with the waiver arguments.

*1. Whether Mortensen Waived Error with Respective to the Fee Awards*

Ramirez and Villegas contend that Mortensen waived error: (1) by failing to lodge any objection to the award of attorney's fees in the probate court; and (2) by inadequately briefing on appeal his complaint against such fees. We agree in part and disagree in part.

12

a. Probate Court Proceedings

"Parties are restricted on appeal to the theory on which the case was tried." *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015). Moreover, if no objection was made that matches the complaint on appeal, then the issue has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 831 (Tex. App.—El Paso 2019, no pet.). Complaints that attorney's fees were not recoverable either by statute or by other basis may be waived on appeal if no such objection was properly made in the trial court. *See, e.g.*, *Snowden v. Artesia Wells Ranch 1994, Ltd.*, No. 13-19-00157-CV, 2020 WL 2610924, at *2 (Tex. App.—Corpus Christi May 21, 2020, no pet.) (mem. op.) (holding claim about lack of statutory authority for attorney's fees was waived by failure to appropriately object); *In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied) (holding the same for constitutional claims in general); *Gipson-Jelks v. Gipson*, 468 S.W.3d 600, 604 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (stating that preservation of error regarding attorney's fees requires a complaint to the trial court by timely request, objection, or motion with sufficient specificity to bring awareness of complaint to the trial court).

Nevertheless, despite these restrictions on appellate review, it is further recognized that a complaint about the legal or factual sufficiency of the evidence to support an award of fees may be raised for the first time on appeal in a civil nonjury case. *See* TEX. R. CIV. P. 324(a), (b); TEX. R. APP. P. 33.1(d); *see also Interest of D.Z.*, 583 S.W.3d 284, 292 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *WPS, Inc. v. Enervest Operating, L.L.C.*, No. 01-06-00759-CV, 2010 WL 2244077, at *16 (Tex. App.—Houston [1st Dist.] May 28, 2010, pet. denied) (mem. op. on reh'g); *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 249 (Tex. App.—San Antonio 1998, pet. denied).

Here, the record shows that Ramirez and Villegas each filed a combined motion in the probate court in which they sought a protective order from discovery and a dismissal of all claims brought against them. By their motions, Ramirez and Villegas asserted that Mortensen had filed claims that were frivolous, groundless, brought in bad faith, and for the purpose of harassment. And, as a basis for dismissal of the suit, both motions referenced this Court's prior opinion and judgment which had affirmed the probate court's prior ruling that Mortensen was not an interested person in the pending probate proceeding. While Ramirez sought a fee award of $5,000 by his motion, Villegas's fee claim sought $10,000.

In his responsive pleading filed with the court below, Mortensen opposed the fee request of Villegas but not that of Ramirez. And, in doing so, his pleading simply argued that "$10,000 in 'reasonable attorney fees' is not based on the realities in this case . . . ." As the hearing below nearly concluded, the probate court indicated it had no jurisdiction over the claims asserted given that Mortensen lacked standing in the estate. Thereafter, the court indicated it would allow the attorneys representing Ramirez and Villegas to submit their bills for having to, once again, defend the suit brought in that court. At this point, Mortensen lodged no objection to the award of fees. The court then granted both motions to dismiss. Shortly thereafter, as reflected by the dismissal order dated February 19, 2019, invoices were submitted from movants' attorneys which reflected fees of $4,500 billed to Ramirez, and $3,375 billed to Villegas. The probate court's dismissal order includes a separate award of fees to each movant corresponding to the invoices submitted. Mortensen filed no post-hearing motion for new trial.

In his appellate briefing, Mortensen advances a variety of arguments challenging the probate court's award of fees to Ramirez and Villegas. In general terms, he contends the fees were

14

not recoverable pursuant to any statutory authority based on the type of suit at issue and further argues the fees awarded were "an excessive fine" in violation of the U.S. and Texas Constitutions. More pointedly, he further asserts that the probate court erred by awarding fees to Ramirez and Villegas given that the fees sought by their respective motions were not of the kind or type permitted by section 38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (listing what types of claims are allowed for the recovery of attorney's fees). Because Mortensen failed to properly and timely object in the probate court that the fees lacked a legal basis, he failed to preserve error on that basis and we do not otherwise decide that issue.[4] *See* TEX. R. APP. P. 33.1(a); *Gipson-Jelks*, 468 S.W.3d at 604 (appellant did not preserve complaint regarding trial court's lack of statutory or contractual basis for attorney's fee award in trial court); *Snowden*, 2020 WL 2610924, at \*2; *Baby Boy R.*, 191 S.W.3d at 921.

Accordingly, we overrule Issues Four and Five in part.

Next, we consider the remainder of arguments raised by Mortensen's briefing.

b. Briefing Objections

When a party appears *pro se*, he or she is held to the same standards as a licensed attorney and must comply with all applicable laws and rules of procedure. *Robb*, 417 S.W.3d at 590. If *pro se* litigants were not required to comply with applicable rules of procedure, they would be given

---

[4] We note here that TEX. R. CIV. P. 13 permits a court, upon motion or upon its own initiative, to impose an appropriate sanction upon either a party, or his or her attorney, if the court finds that a pleading, motion, or other paper is groundless and brought in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13. However, the Supreme Court recently clarified that when a court exercises its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness to establish that the sanction is "'no more severe than necessary' to fairly compensate the prevailing party." *Nath v. Texas Children's Hospital*, 576 S.W.3d 707, 709 (Tex. 2019). "Consequently, when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *Id.* (citing *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016)).

an unfair advantage over parties represented by counsel. *Id*. When reviewing a brief, whether filed by counsel or by *pro se* parties, we are required to construe it reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *Id*. Moreover, substantial compliance with the rules is sufficient. *See* TEX. R. APP. P. 38.9. Simply said, a party's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i).

Beyond the argument asserting there is no legal basis for the fee awards, Mortensen's briefing also argues that the attorney's fees were "unsupported and unreasonable" or "not incurred," and "provide no proof of the reasonableness or necessity of the fees . . . ." We construe these complaints as arguing that the evidence presented was legally insufficient. *See Brownhawk, L.P. v. Monterrey Homes, Inc.*, 327 S.W.3d 342, 346 (Tex. App.—El Paso 2010, no pet.) (instructing that a "no evidence" challenge is a legal sufficiency challenge). Remaining mindful of our duty to construe briefing reasonably, yet liberally, we find that Mortensen adequately established the right to an appellate review of the legal sufficiency of the fee awards. *See Robb*, 417 S.W.3d at 590. We thus hold that Mortensen's legal sufficiency argument was not waived by a failure to adequately brief it to this Court. *See* TEX. R. APP. P. 38.1(i), 38.9.

Although Mortensen waived error as to the legal basis of the awards, he preserved error as to his challenge of the legal sufficiency of the evidence to support those awards. *See* TEX. R. CIV. P. 324(a), (b); TEX. R. APP. P. 33.1(d); *see also D.Z.*, 583 S.W.3d at 292; *WPS*, 2010 WL 2244077, at *16; *O'Farrill Avila*, 974 S.W.2d at 249.

2. *Legal Sufficiency of the Evidence to Support the Fee Awards*

a. Standard of Review

In general, the trial court's determination of what constitutes a reasonable and necessary attorney's fee is subject to an abuse of discretion standard on appeal. *Gerges v. Gerges*, 601 S.W.3d 46, 65 (Tex. App.—El Paso 2020, no pet.). An award of fees which is not supported by legally sufficient evidence is arbitrary and constitutes an abuse of discretion. *Brownhawk*, 327 S.W.3d at 348. The party seeking an award of attorney's fees bears the burden of establishing entitlement to an award. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). In determining whether there is legally sufficient evidence to support such award, we consider the evidence presented in the light most favorable to the findings necessary to support the court's decision and disregard evidence contrary to the findings unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

b. Application

Before we assess the sufficiency of the evidence presented to the probate court, we next address Ramirez's and Villegas's remaining argument that this Court "should imply that the Probate Court made all findings that were necessary to support the attorney's fee awards it made" where neither party requested findings of fact and conclusions of law and that this Court should affirm for this reason alone. Generally, judgments are presumed valid. *Anderson Mill Mun. Util.*

17

*Dist. v. Robbins*, 584 S.W.3d 463, 473 (Tex. App.—Austin 2005, no pet.). When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment. *Id*. However, when the appellate record includes the reporter's and clerk's record, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id*. As Appellees appear to contend that such implied findings should be conclusive without regard to the evidence presented in support of the fees awarded, we reject this contention, and instead, we proceed to consider whether the evidence was legally sufficient in light of the applicable standard of review. *See id*.

Mortensen argues that the invoices provided were insufficient to support the two fee awards. As to this argument, we agree. Although we find the invoices themselves provide sufficient detail as to the legal services performed, the date of those services, and the amount of time spent for each service, nonetheless, we further conclude that these invoices fail to satisfy all required elements to support a fee award. *See Rohrmoos*, 578 S.W.3d at 498. Standing alone the invoices fail to establish the reasonableness of the time spent on legal services and the reasonableness of the rates charged. *Id*. ("the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate"). Notably, no testimony was presented by affidavit or otherwise establishing the reasonableness of the time spent or of the rate charged. *Id*. Thus, we hold in this instance that the evidence was legally insufficient to support the probate court's award of attorney's fees where no evidence was presented as to all required elements. *See Robles v. Nichols*, 610 S.W.3d 528, 538 (Tex. App.—El Paso 2020, no pet. h.) (holding the evidence was insufficient to support an award of attorney's fees where there was no evidence on two of the *Rohrmoos* considerations, namely,

18

the particular services performed and the reasonable amount of time required to perform the services); *compare Gerges*, 601 S.W.3d at 66-67 (holding that the award of attorney's fees was supported by legally sufficient evidence where: (1) the prevailing party's attorney testified about her experience and opined that her billing rate was a reasonable fee in the area; and (2) the prevailing party submitted billing records that detailed the work performed, who performed it, when the services were performed, the amount of time spent for each service, and the hourly rate for each person performing the service). Accordingly, we conclude that the probate court abused its discretion by awarding fees unsupported by legally sufficient evidence. *See Brownhawk*, 327 S.W.3d at 348.

Therefore, we sustain the remaining part of Issues Four and Five and reverse the probate court's award of $4,500 to Ramirez, and $3,375 to Villegas, for their respective attorney's fees. But in light of *Rohrmoos's* recent clarification of the sufficiency requirements of such awards— and such clarification having been issued while this appeal remained pending—we remand the matter to the court below in the interest of justice for further proceedings limited to Appellees' attorney's fee claims. [5] *See* TEX. R. APP. P. 43.3(b); *see also Robles*, 610 S.W.3d at 538.

## IV. CONCLUSION

Having overruled Issues One, Two, Three, and Six, we affirm the portion of the probate court's judgment dismissing Mortensen's petition, the order denying Mortensen's motion for alternative service of Ortiz, and the granting of protective orders to Villegas and Ramirez. Having

---

[5] Appellees also raise a contention on appeal that Mortensen waived some portion of his legal sufficiency argument on the attorney's fees awarded to Villegas by failing to object that the requested fees had not been properly segregated. A party seeking recovery of attorney's fees must "segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Yet, we need not address this additional contention relating to any failure to segregate fees because we have already held that Mortensen waived any challenges to the attorney's fees—aside from, and solely, a nonwaivable sufficiency challenge.

overruled in part and sustained in part Issues Four and Five, we affirm the award of attorney's fees to Appellees but reverse that portion of the probate court's judgment awarding fees in the amount of $4,500 to Ramirez and $3,375 to Villegas, and remand for further proceedings to determine the reasonable amount of fees to be awarded.


                                        GINA M. PALAFOX, Justice

February 1, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.