**Affirmed and Memorandum Opinion filed July 16, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00288-CV

**KOFFEY SMITH EL-BEY, Appellant**

**V.**

**PEGGY RUTH WILLIAMS, Appellee**

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 496108**

## MEMORANDUM OPINION

In this probate proceeding, Koffey Smith El-Bey appeals from the trial court's order dismissing El-Bey's will contest for lack of standing. We affirm for two reasons: El-Bey's brief is inadequate, and El-Bey has not adduced any evidence to show standing.

## I.     Briefing Waiver

El-Bey's brief does not comply with Rule 38.1 of the Texas Rules of Appellate procedure. *See* Tex. R. App. P. 38.1. It does not state any issues or points for review. Tex. R. App. P. 38.1(f). It contains no citations to authorities or to the record. Tex. R. App. P. 38.1(g), (i).

In October 2023, appellee Peggy Ruth Williams filed a brief and identified El-Bey's briefing deficiencies. Since then, El-Bey has not asked to file an amended brief or to otherwise remedy the deficiencies. Under these circumstances, El-Bey has waived any issues, and this court may affirm the trial court's judgment on this basis. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215–16 (Tex. 2020) ("[C]ourts of appeals retain their authority to deem an unbriefed point waived in lieu of requesting additional briefing."); *Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) ("Every issue presented by a party must be supported by argument and authorities in the party's brief on the merits, or it is waived."); *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd) (error waived when the appellant had ample notice of briefing defects and opportunity to rebrief after the appellee pointed out deficiencies in their brief); *see also Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (affirming judgment when the appellant waived all arguments due to inadequate briefing).

## II.     Failure to Prove Standing

Our review of the clerk's record reveals that El-Bey filed a will contest in which El-Bey argued that some real properties listed as assets of the estate were not owned by the estate. El-Bey attached no evidence to the will contest.

Williams filed a motion to dismiss for lack of standing and requested a hearing on the issue of El-Bey's standing. The trial court granted the motion and dismissed El-Bey's will contest.

"When a party challenges a contestant's interest in an estate, . . . the contestant must establish an interest in the underlying estate." *Estate of Johnson*, 631 S.W.3d 56, 60 (Tex. 2021). "It is well settled that the contestant of a will bears the burden of proving his standing." *Estate of Lee*, 551 S.W.3d 802, 811 (Tex. App.—Texarkana 2018, no pet.); *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 419 (Tex. App.—San Antonio 2014, pet. denied); *see also In re Davidson*, 485 S.W.3d 927, 930 (Tex. App.—Tyler 2016, no pet.) ("In a probate proceeding, the burden is on the person whose standing is challenged to prove that she is an 'interested person.'").

El-Bey does not refer this court to any evidence in the record to show El-Bey's standing to contest the will. Moreover, the court reporter has filed an information sheet indicating that a reporter's record exists, but El-Bey has not requested its preparation. *See, e.g.*, *In re G.S.*, No. 14-20-00445-CV, 2022 WL 1789808, at *2–4 (Tex. App.—Houston [14th Dist.] June 2, 2022, no pet.) (mem. op.) (detailing circumstances, as here, when a court of appeals "must presume that the omitted portions of the record are relevant and support the trial court's judgment"). Because El-Bey has failed to identify any record evidence to show an interest in the underlying estate, the trial court did not err by dismissing El-Bey's will contest for lack of standing.

## III. Conclusion

The trial court's judgment is affirmed.


/s/    Ken Wise
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.